**WARNER CONST. CO. v. KRUG, Secretary of the Interior, et al.**

Civil No. 640—48.

United States District Court
District of Columbia.

June 25, 1948.

Hubert H. Margolies, of Washington, D. C., for defendants, for the motions.

Monroe Oppenheimer and Jesse I. Miller, both of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This is an action brought by the Warner Construction Company against Julius A. Krug, Secretary of the Interior, and the United States of America for equitable relief under Section 1 of the Act of August 7, 1946, which authorizes Government departments and agencies to adjust and settle equitable claims of Government contractors for losses incurred by them between September 16, 1940, and August 14, 1945.[1]

Both defendants move for summary judgment, and in addition the United States of America moves to dismiss the complaint.

The Government contends that this action does not lie because the plaintiff's

---

[1] 60 Stat. 902, U.S.C.A., Title 41, § 106 note:

"Where work, supplies, or services have been furnished between September 16, 1940, and August 14, 1945, under a contract or subcontract, for any department or agency of the Government which prior to the latter date was authorized to enter into contracts and amendments or modifications of contracts under section 201 of the First War Powers Act, 1941, such departments and agencies are hereby authorized, in accordance with regulations to be prescribed by the President within sixty days after the date of approval of this Act, to consider, adjust, and settle equitable claims of contractors, including subcontractors and materialmen performing work or furnishing supplies or services to the contractor or another subcontractor, for losses (not including diminution of anticipated profits) incurred between September 16, 1940, and August 14, 1945, without fault or negligence on their part in the performance of such contracts or subcontracts."

claim had been previously adjusted and settled under the First War Powers Act, 1941, 50 U.S.C.A.Appendix, § 601 et seq. This adjustment and settlement was embodied in an amendatory contract between the plaintiff and the Government. The amendatory agreement contains a general release, running from the plaintiff to the Government. Ordinarily such a settlement, and particularly such a general release, would necessarily preclude the subsequent assertion of claims for any additional payments under the contract to which the settlement related.

Section 3 of the Act of August 7, 1946, however, contains the following provision: "* * * a previous settlement under the First War Powers Act, of 1941, or the Contract Settlement Act of 1944, shall not operate to preclude further relief otherwise allowable under this Act."

It is contended by the plaintiff that this provision waives the bar of the previous settlement and relinquishes the rights of the government under the general release. Obviously the Congress has the right to waive a release in behalf of the Government. It would seem under a literal construction of this provision that this is just what the Congress did.

▮ The Government argues, however, that the term "settlement" should be limited to a unilateral adjustment made by a government agency, and does not extend to an agreement or settlement embodied in a contract. In other words, the Government urges that if the administrative agency had settled or adjusted the claim, such settlement would not have precluded further relief, but that because the settlement was embodied in a bilateral contract or agreement, which included a release, the binding effect of the settlement is not waived by the Act of Congress.

▮ The Court is unable to find a tenable basis for the distinction which the Government seeks to draw. The statute is clear and unambiguous. It provides that a previous settlement under a prior statute shall not operate to preclude further relief otherwise allowable under the Act of 1946. A settlement consumated by a bilateral agreement is as much a settlement as is a unilateral adjustment or allowance of a claim. The term "settlement" covers both methods of adjusting a claim.[2] It is obvious to the Court that it was the intention of the Congress, by the Act of August 7, 1946, to authorize Government agencies to make adjustments of claims, in addition to any adjustment which had been previously made. Moreover, a judicial review was accorded by the 1946 Act, which had not been contained in the First War Powers Act.

It is claimed by Government counsel it was the intention of the Congress in passing the Act of August 7, 1946, to do nothing more than continue the authority of Government agencies to settle contracts under the First War Powers Act. In support of this contention, Government counsel refers to several statements made by members of Congress. Such statements, however, cannot overcome the unambiguous provision of the statute. It is important to note in this connection that when the legislation was originally introduced in the Congress, it was much narrower in its scope than the form in which it finally was passed. It may well be that some of the statements to which counsel refers had reference to the legislation in its original form. The bill as originally introduced contained a proviso that it should not be applicable to claims submitted under the First War Powers Act, which had been finally disposed of prior to August 14, 1945. It is significant that this proviso was stricken from the measure in the course of its passage and the last clause of Section 3 was inserted, affirmatively providing that a previous settlement under the earlier statute should not operate to preclude further relief otherwise allowable under the Act.

This legislative history throws an illuminating light on the intent of Congress

---

2 Webster's Dictionary defines "settlement" as "act or process of adjusting or determining." Bouvier's Law Dictionary contains the following definition of settlement: "An agreement by which two or more persons who have dealings together so far arrange their accounts as to ascertain the balance due from one to the other; payment in full."

and accentuates the clear meaning of the last clause of Section 3. It is manifest that it was the intention of Congress that a prior settlement under the earlier statute should not operate to preclude the granting of further relief under the 1946 Act.

With the policy or expediency of this legislation, the Court has no concern. It is the duty of the Court to apply the statute as it is written, in view of the fact that it is unambiguous.

Insofar as Sections 204 or 307 of the rules and regulations promulgated under the statute may be inconsistent with Section 3 of the Act, these regulations must be deemed invalid. It is elementary law that executive regulations promulgated for the purpose of carrying a statute into effect must be within the framework of the Act and may not be inconsistent with the statute.

On the basis of these considerations, the motion of the defendants for summary judgment will be denied.

The United States also moves to dismiss the complaint on the ground that the United States may not be sued in this action.

Section 6 of the Act of August 7, 1946, which provides judicial review in behalf of any claimant under the Act who is dissatisfied with the action of the Department or Agency, authorizes the claimant to file a petition in any Federal District Court of competent jurisdiction asking determination by the Court of the equities involved in such claim. The statute does not specify who should be named as the defendant in such an action. It would be better if it had, but the Court has to take the statute as it finds it. It seems to the Court that this provision is a clear submission on the part of the United States to suit under this Act, and that therefore the United States of America became subject to suit. To be sure, the statute further provides that the Court shall have jurisdiction to determine the amount to which the claimant or petitioner may be entitled and to issue an order directing the department or agency to settle the claim accordingly. There is indeed an incongruity in the statute. A Government department is not an entity and may not be

sued. For example, an action does not lie against the War Department or the Navy Department as such. It may well be that a judgment against the United States may direct a particular officer or agency of the Government to take certain action. It seems to the Court that although Section 6 of the Act is somewhat ambiguous, it may be reasonably construed to permit an action against the United States.

In this case, the plaintiff, apparently being in doubt, sued both the United States and the Secretary of the Interior. The course he has followed seems entirely proper. The motion to dismiss will be denied.

The Court wishes to make one additional observation, as to the effect of the release contained in the agreement. Naturally the existence of the release may be a circumstance which may have a bearing on the question whether it is equitable to award to the claimant any additional allowance. This is a matter to be considered in determining the merits of the claim and will have to be decided at a trial on the facts.

Both motions are denied.