344

## WARNER CONST. CO. v. UNITED STATES.

No. 48769.

United States Court of Claims.

April 4, 1949.

Robert E. Sher, of Washington, D. C. (Jesse I. Miller, Monroe Oppenheimer and William S. Youngman, Jr., all of Washington, D. C., on the brief), for plaintiff.

Mary K. Fagan, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen. (Edgar T. Fell and Robert E. Mitchell, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

This case arises under the War Contract Hardship Claims Act, otherwise known as the Lucas Act of August 7, 1946, 60 Stat. 902, 41 U.S.C.A. § 106 note. The case has been transferred to this court from the United States District Court for the District of Columbia for original disposition pursuant to election by the plaintiff, as authorized by Section 6 of the Lucas Act, as amended June 25, 1948, § 37, Public Law 773, 80th Congress, 62 Stat. 869, 41 U.S. C.A. § 106 note.

The Government prior to transfer had filed a motion to dismiss and for summary judgment in the district court, which motions were denied on June 25, 1948, after argument. The opinion is reported under the title Warner Construction Company v. Krug, D.C., 80 F.Supp. 81.

Plaintiff filed an "amended petition" in this court, which is identical with the petition filed in the District Court, except for the addition of allegations setting forth the jurisdiction of this court and the nature of the proceedings had in the District Court. Since plaintiff did not elect to amend its petition or replead subsequent to transfer, the defendant notified this court of its desire to proceed on such motions as made in the District Court in accordance with paragraph 6 of this court's special rule of November 10, 1948.

The defendant's motion to dismiss in this case is based upon the ground that plaintiff's claim is barred by reason of the execution of certain amendatory settlement agreements on April 1, 1942 and June 1, 1945, under the First War Powers Act, 50 U.S.C.A.Appendix, § 611, and releases in connection therewith, and that therefore no request for relief under the First War Powers Act was pending and undisposed of on August 14, 1945.

In this connection, defendant relies heavily upon paragraph 204 of Executive Order 9786, Oct. 5, 1946 (11 F.R. 11553, 3 CFR, 1946 Supp., 165) which provides that no claim shall be considered under the Lucas Act if final action with respect thereto had been taken on or before that date.

In Howard Industries, Inc., v. United States, Ct.Cl., 83 F.Supp. 337, decided this day, we dealt at length with the above contentions raised by the Government and found them to be without merit.

We must accordingly overrule the defendant's motion to dismiss the petition in this case.