## SPICER v. UNITED STATES.
### No. 43871.

United States Court of Claims.
April 4, 1949.

Tyree C. Derrick, of St. Louis, Mo. (F. W. Mueller, of St. Louis, Mo., and M. M. Thomas, of Oklahoma City, Okl., on the brief), for plaintiff.

Mary K. Fagan, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen. (Edgar T. Fell and Robert E. Mitchell, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

This is a suit filed under the Lucas Act, Public Law 657, 79th Cong., 2nd Sess., Ch. 864, 60 Stat. 902, 41 U.S.C.A. § 106 note, and was transferred to this court pursuant to Section 6 as amended by Section 37, Act of June 25, 1948, Public Law 773, 80th Cong., 2nd Sess., 62 Stat. 869, 41 U.S.C.A. § 106 note. The case was originally filed in the District Court of the United States for the Western District of Oklahoma. Before the issues had been determined by the District Judge, the case was transferred to this court.

Plaintiff furnished the United States with work, supplies, and services between September 16, 1940 and August 14, 1945, by virtue of certain contracts with the United States Corps of Engineers. Pursuant to the provisions of the First War Powers Act of 1941, 50 U.S.C.A.Appendix, § 611, Public Law 354, 77th Congress, approved December 18, 1941, and Executive Order No. 9001, 50 U.S.C.A.Appendix, § 611 note, 3 CFR, Cum.Supp. 1054, and regulations issued pursuant thereto, he filed an application for relief from losses sustained under certain of the contracts. Relief was granted the plaintiff, which he says was inadequate to compensate him.

Pursuant to Public Law 657, supra, he filed on January 28, 1947, a request for an equitable settlement of the losses sustained on all contracts performed wherein work, supplies and services were furnished the United States, less profits and payments made pursuant to the First War Powers Act and Executive Order No. 9001. This request for relief filed with the Chief of Engineers, United States Army, pursuant to Executive Order 9786, Oct. 5, 1946, 3 CFR, 1946 Supp. 165, was referred to the War Contract Hardship Claims Board which denied the request on August 18, 1947. Plaintiff says that he is dissatisfied with the action of said board and that he brought suit within the six months allowed for the filing of such action after final action had been taken by the War Contract Hardship Claims Board.

Plaintiff further states that he has sustained a net loss of $334,687.20 and that the losses which he suffered were caused by acts of the Government and circumstances beyond his control and were not due to any fault or negligence on his part.

The defendant moves to dismiss the petition contending that the claim is barred because of payment pursuant to Section 201 of the First War Powers Act of 1941, 50 U.S.C.A.Appendix, § 611, and Executive

Order 9001, and releases given to the defendant in consideration of the payment; and second, that the claim is barred because plaintiff failed to file a new claim for relief under Section 201 of the First War Powers Act of 1941, and consequently the claim is barred by Section 3 of the Lucas Act and paragraph 204 of the regulations.

In Howard Industries, Inc. v. United States, Ct.Cl., 83 F.Supp. 337, decided today, we held these identical contentions to be without merit, and accordingly we overrule the defendant's motion to dismiss the petition in this case.

