## MODERN ENGINEERING CO., Inc. v. UNITED STATES.

### No. 48876.

United States Court of Claims.

April 4, 1949.

WHITAKER, Judge, dissenting.

Raoul Berger, of Washington, D. C. (Blum & Jacobson, of Chicago, Ill., on the brief), for plaintiff.

Mary K. Fagan, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen. (Edgar T. Fell and Robert E. Mitchell, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

This is an action brought under the Lucas Act, Public Law 657, 79th Cong., 2nd Sess., Ch. 864, 60 Stat. 902, 41 U.S.C. A. § 106 note, and was transferred to this court from the District Court of the United States for the Northern District of Illinois, Eastern Division, pursuant to Section 6 as amended by Section 37, Act of June 25, 1948, Public Law 773, 80th Cong., 2nd Sess., 62 Stat. 869, 41 U.S.C.A. § 106 note.

The defendant moves to dismiss the petition on three grounds: (1) That the plaintiff has failed to allege the filing of written requests for relief with the department or agency concerned on or before August 14, 1945; (2) that plaintiff has failed to allege that the losses incurred, if any, were without fault or negligence on its part, and (3) that the documents relied upon by plaintiff are not the kind of requests for relief contemplated by Section 3 of the Lucas Act because they are not in the nature of requests for amendments to contracts without consideration, under the authority of Section 201, First War Powers Act[1] and Executive Order 9001, 50 U.S.C.A.Appendix, § 611 note.[2]

■ The plaintiff has alleged in its petition that its claim is "filed pursuant to the provisions of said act, Public Law 657, supra, providing the right of the claimant to petition any federal court of competent jurisdiction for relief if such claimant is dissatisfied with the action of the department," and while plaintiff's petition is somewhat inartistically drawn we are of the opinion that these allegations are sufficient to comply with the requirements of the act.

■ As we stated in our decision in Howard Industries, Inc., v. United States, 83 F.Supp. 337, the requests for relief referred to in Section 3 of the Lucas Act need not be confined to those which would have been allowable under the First War Powers Act and Executive Order 9001. The documents in this case relied on by plaintiff as complying with Section 3 are invoices which plaintiff, a subcontractor, sent to Tidewater Construction Corporation, a prime contractor, claiming reimbursement for additional expense in connection with certain purchase orders, and which, on their face, show that plaintiff incurred losses.

■ Plaintiff also relies on an appeal from a decision of the contracting officer in the termination of a contract with the Army Transportation Corps, in which plaintiff states that the termination ruling of the contracting officer resulted in certain merchandise being left on its hands for which it had received no payment and for which plaintiff had incurred liabilities to subcontractors in a certain amount. We think that these documents are sufficient requests for relief within the meaning of Section 3 of the act.

■ It is noted that plaintiff has attached to its petition as written requests for relief filed prior to August 14, 1945, only those requests made in connection with certain contracts on which it was subcontractor to the Tidewater Construction Corporation, and a copy of its appeal from the decision by the contracting officer on its contract with the Army Transportation Corps. Its petition, however, alleges net losses on a number of other contracts and no written requests for relief with respect to those contracts have been filed with the petition. In its amendment to, and supplemental claim, paragraph (F), plaintiff alleges that it was unable to set forth the copies of the other requests for relief filed in connection with the other contracts mentioned in its petition for the reason that such requests have become a part of the court records in a district court action which had previously been started, and in matters before the Board of Contract Appeals, and "were so numerous as to make it an impossibility to

---

[1] 50 U.S.C.A.Appendix, § 611.

[2] 3 CFR, Cum.Supp. 1054.

make the same a part of this claim as exhibits."

We suppose plaintiff intends to produce such requests for relief at the trial of this case on the merits. In overruling the defendant's motion to dismiss the petition, we do so with the understanding that no recovery may be had for a loss on contract on which a loss is alleged to have been suffered unless plaintiff produces at the trial a written request for relief with respect to such contract filed with the proper department or agency during the statutory period.[3]

The defendant's motion to dismiss the petition is overruled.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

WHITTAKER, Judge (dissenting).

In this case it appears that the claim filed by the contractor was a claim founded on a right which it claimed it had under the contract. I do not think this is the sort of claim contemplated by the Lucas Act. This authorizes those departments who were authorized to modify contracts under the First War Powers Act to consider equitable claims of contractors for losses incurred in the perfomance of Government contracts. Section 3 of the Act provided that no claim should be considered unless a written request for "relief" had been filed with the department or agency on or before August 14, 1945. This contemplates, it seems to me, not the filing of a claim for an alleged right withheld but a claim for relief. A claim for relief is quite a different thing from a claim of a right, and section 3 expressly says that a claim for a loss "shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945."

The claim this plaintiff filed was not a claim for relief, but was a claim of a right to which it said it was entitled under its contract.

I quite agree that the Lucas Act is broader than the First War Powers Act,

but I do think that a prerequisite to any relief under the Lucas Act is the prior filing of a claim, between September 16, 1940, and August 14, 1945, for relief under the First War Powers Act. Because plaintiff in this case failed to file such a claim for relief, I do not think it is entitled to maintain an action under the Lucas Act.

---

[3] Cf. Stephens-Brown, Inc., v. United States, D.C.1949, 81 F.Supp. 969, 971.