### MILWAUKEE ENGINEERING & SHIPBUILDING CO. v. UNITED STATES.

### No. 48888.

United States Court of Claims.
April 4, 1949.

---

[3] Cf. Stephens-Brown, Inc., v. United States, D.C.1949, 81 F.Supp. 969, 971.

WHITAKER, Judge, dissenting.

———◆———

George S. Elmore, of Washington, D. C. (John P. Moore, of Washington, D. C., on the brief), for the plaintiff.

Mary K. Fagan, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen. (Edgar T. Fell and Robert E. Mitchell, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

This is an action brought under the Lucas Act, Public Law 657, 79th Cong., 2nd Sess., Ch. 864, 60 Stat. 902, 41 U.S.C.A. § 106 note, and was transferred to this court from the District Court of the United States for the District of Columbia pursuant to Section 6, as amended by Section 37, Act of June 25, 1948, Public Law 773, 80th Cong., 2nd Sess., 62 Stat. 869, 41 U.S. C.A. § 106 note.

Plaintiff's claim is predicated upon a contract with the Navy Department, dated February 12, 1942, for the construction and delivery of aircraft rescue boats. As a result of certain changes in the contract, a dispute arose relative to payment under the contract.

Plaintiff alleges that it incurred losses in the amount of $56,088.98, which is the difference between the adjusted contract price of $40,277.65 and the alleged cost of performance thereof which amounted to $96,366.63. In addition, the sum of $13,320.61 remains unpaid on the adjusted contract by reason of the fact that the defendant insisted upon a release of all claims both legal and equitable as a condition precedent to the payment thereof.

Following passage of the Lucas Act, plaintiff submitted a claim thereunder to the Navy Department on January 17, 1947, which claim was referred to the Navy Department War Contracts Relief Board.

On December 9, 1947, the board, after a hearing, denied plaintiff's claim and found that plaintiff's letter of June 28, 1945, alleging a loss on the contract and requesting relief therefrom was not a written request for relief within the meaning of Section 3 of the Lucas Act because it was not a request for the sort of relief which the contracting officer could have granted under the First War Powers Act, 1941,[1] (i. e., for an amendment of plaintiff's contract without consideration).

Defendant moves to dismiss plaintiff's petition on the same ground relied on by the Navy Department War Contracts Relief Board in its decision of December 9, 1947, disallowing plaintiff's claim.

As we stated in Howard Industries, Inc. v. United States, 83 F.Supp. 337, the Lucas Act affords broader relief than did the First War Powers Act, and all a claimant need show is that it incurred a net loss on its Government contracts during the statutory period and that during that period it had requested relief in writing from the agency or department involved. Accordingly, there remains to be decided only the question of whether the documents attached to plaintiff's petition are sufficient requests for relief with respect to the losses now claimed, within the meaning of Section 3 of the Lucas Act.

———

[1] 50 U.S.C.A.Appendix, § 611.

Following completion of its contract in 1943 and acceptance of the boats by the Navy, a dispute arose concerning the total amount due plaintiff. The two items involved in the dispute were: (1) The amount by which the contract price should be reduced by virtue of the fact that defendant, and not plaintiff, supplied the boat engines (the contract had provided that plaintiff should supply such engines, and the cost of such engines was included in plaintiff's bid); and (2) various items of additional cost which plaintiff claimed were due because of changes in the contract specifications made by the Government during the course of the contract.

Attached to plaintiff's petition are copies of letters between the plaintiff and the Navy Department relative to plaintiff's claims; a Navy Department report of a meeting between plaintiff and representatives of the Department on September 7, 1943, at which meeting the claims were discussed; a statement of account and final settlement on the contract dated December 3, 1943, prepared by the Navy Department; a counter proposal by plaintiff dated February 18, 1944; a letter from plaintiff to the Secretary of the Navy dated June 10, 1944, alleging that plaintiff's costs were in excess of the contract price; a letter from the Secretary of the Navy to the plaintiff dated July 5, 1944, stating that in his opinion only the second of plaintiff's claims might be possible of adjustment; a further and revised claim for reimbursement and a new and detailed statement of account dated May 17, 1945; a decision by the Navy Department purchasing officer dated June 14, 1945, disallowing plaintiff's first claim with respect to the proper deduction for the cost of the engines, and allowing certain items of plaintiff's second claim. In making the partial allowance, this decision stated, "This action is made pursuant to the authority of the First War Powers Act and will facilitate the prosecution of the war." On June 28, 1945, plaintiff wrote to the Navy Department and declined to accept the settlement offered. In that letter plaintiff alleged a loss of approximately $30,000 on the contract and asked that its claims be reconsidered. On August 30, 1945, the Navy Department purchasing officer refused to change his decision and stated, "The foregoing decision of the contracting officer is being rendered under Article 12 of the subject contract."

In letters dated December 28, 1945, and February 8, 1946, to the Navy Department, plaintiff continued to press its claims. On February 18, 1946, the Navy Department denied plaintiff's claim and stated that inasmuch as plaintiff had not appealed the Department's decision of August 30, 1945, within thirty days as required by. Article 12 of the contract, the determination of the contracting officer was considered to be final.

■ The documents attached to plaintiff's petition are, we believe, sufficient evidence that plaintiff made proper requests for relief with respect to the losses now claimed. Accordingly, and for the reasons stated in greater detail in our decision in Howard Industries, supra, defendant's motion to dismiss the petition is overruled.

JONES, Chief Judge, and MADDEN, and LITTLETON, Judges, concur.

WHITAKER, Judge (dissenting).

In this case it appears that the claim filed by the contractor was a claim founded on a right which it claimed it had under the contract. I do not think this is the sort of claim contemplated by the Lucas Act. This authorizes those departments who were authorized to modify contracts under the First War Powers Act to consider equitable claims of contractors for losses incurred in the performance of Government contracts. Section 3 of the Act provided that no claim should be considered unless a written request for "relief" had been filed with the department or agency on or before August 14, 1945. This contemplates, it seems to me, not the filing of a claim for an alleged right withheld but a claim for relief. A claim for relief is quite a different thing from a claim of a right, and section 3 expressly says that a claim for a loss "shall be limited to losses with respect to which a written request for relief was filed

with such department or agency on or before August 14, 1945."

The claim this plaintiff filed was not a claim for relief, but was a claim of a right to which it said it was entitled under its contract.

I quite agree that the Lucas Act is broader than the First War Powers Act, but I do think that a prerequisite to any relief under the Lucas Act is the prior filing of a claim, between September 16, 1940, and August 14, 1945, for relief under the First War Powers Act. Because plaintiff in this case failed to file such a claim for relief, I do not think it is entitled to maintain an action under the Lucas Act.