Claim of McGANN MFG. CO., Inc.

McGANN MFG. CO., Inc. v. UNITED STATES et al.

Civil Action No. 3233.

United States District Court
M. D. Pennsylvania.
May 6, 1949.

Ralph F. Fisher, of Fisher, Ports & May, of York, Pa., and Thomas D. Caldwell, of Caldwell, Fox & Stoner, of Harrisburg, Pa., for petitioner.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is a petition for an equitable determination praying for relief from alleged losses suffered in performance of contracts with the United States during the war. The action is brought under the War Contracts Hardship Claims Act, Public Law 657, 79th Congress, 2nd Session, Ch. 864, 60 Stat. 902, also known as the Lucas Act, 41 U.S.C.A. § 106 note.

958

The case is before the Court on a motion by the defendant, the United States, to dismiss the petition on the following grounds: (1) That the Court is without jurisdiction over the plaintiff's suit under the Lucas Act because no written requests for relief from losses under the contracts involved herein were filed by the plaintiff with the interested government departments or agencies on or before August 14, 1945, as contemplated and required by Section 3 of the Lucas Act and Paragraph 204 of Executive Order 9786, Oct. 5, 1946, except for written requests for relief with respect to contract MC–c–29292, which were filed by plaintiff with the Maritime Commission and on which final action within the contemplation of Paragraph 204 of Executive Order 9786 was taken on or before August 14, 1945; (2) that the complaint fails to state a claim upon which relief can be granted with respect to the item representing the estimated cost incident to the preparation and processing of this claim, because no written request for relief from such loss was filed by the plaintiff with the interested government departments or agencies on or before August 14, 1945, as contemplated and required by Section 3 of the Lucas Act and Paragraph 204 of Executive Order 9786; (3) that the complaint fails to state a claim upon which relief can be granted with respect to the contracts involved herein because, except as to contract MC–c–29292 previously mentioned, plaintiff would not have been granted relief under Section 201 of the First War Powers Act, 1941, 50 U.S.C.A. Appendix, § 611, and Executive Order 9001, 50 U.S.C.A. Appendix, § 611 note, as required by Paragraph 307 of Executive Order 9786.

After careful examination of the oral arguments and the briefs of counsel and in view of the difficulty of the question of construction of the Lucas Act, as evidenced by a bill proposed in the House of Representatives on March 10, 1949, H.R. 3436, to amend Section 3 of the Lucas Act with respect to redefinition of request for relief; and in view of the novelty of the question of the relation between the First War Powers Act, the Lucas Act, and the Executive Orders issued thereunder; this Court concludes that the motion of the defendant to dismiss should be denied at this time.

The conclusion of this Court is supported by the decision of the United States District Court, District of Columbia, in Warner Construction Co. v. Krug, Secretary of the Interior, et al., 1948, 80 F.Supp. 81, the decision of the United States District Court, Western District of Missouri, W. D., in Stephens-Brown, Inc., v. United States, 1949, 81 F.Supp. 969, and by five very recent decisions of the United States Court of Claims, decided April 4, 1949, in Howard Industries, Inc., v. United States, 83 F.Supp. 337; Modern Engineering Co., Inc. v. United States, 83 F.Supp. 346; Warner Construction Co. v. United States, 83 F.Supp. 344; Milwaukee Engineering & Shipbuilding Co. v. United States, 83 F. Supp. 348; and Spicer v. United States, 83 F.Supp. 345.

The proper application of the Lucas Act may become clearer on further proceedings.

The motion of the defendant, the United States of America, to dismiss the action is denied.