800

## PITTSTON–LUZERNE CORPORATION v. UNITED STATES et al.

### Civ. No. 3181.

United States District Court
M. D. Pennsylvania.
July 19, 1949.

Daniel J. F. Flood, James L. Brown, Wilkes Barre, Pa., Raymond A. Livingston, Wilkes Barre, Pa., Daniel S. Ring, Washington, D. C., for plaintiff.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is a petition for an equitable determination praying for relief from alleged losses suffered in performance of contracts with the United States during the war. The action is brought under the War Contracts Hardship Claims Act, also known as the Lucas Act, c. 864, sections 1–6, 60 Stat. 902, as amended June 25, 1948, c. 646, section 37, 62 Stat. 992, 41 U.S.C.A. § 106 note.

The action is before the Court on a motion by defendants to dismiss the petition on the grounds that this Court is without jurisdiction of the subject matter, and that plaintiff has failed to state a claim against the defendants upon which relief can be granted under the Lucas Act and Executive Order Oct. 5, 1946, No. 9786, because (1) plaintiff seeks recovery of alleged losses under contracts under which it did not furnish work, supplies or services for the agency involved, the Department of the Navy, on or before August 14, 1945, in contravention of Sections 1 and 2(a) of said Act and Paragraph 305 of Executive Order 9786; (2) plaintiff seeks recovery of alleged losses sustained both before and after August 14, 1945, without any specification of the amount of losses allegedly sustained on or before August 14, 1945, in contravention of Sections 1, 2(a), and 3 of said Act and Paragraphs 101.4, 101.5, 101.7, 101.8, 101.9, 101.11 and 305 of Executive Order 9786; and (3) the agency involved, the Department of the Navy, did not find that plaintiff would have been granted relief under the First War Powers Act of 1941, 50 U.S.C.A.Appendix, § 611, if final action with respect to its claim had been taken on

or before August 14, 1945, in contravention of said Act and Paragraph 307 of Executive Order 9786. In the alternative, defendants seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that there is no genuine issue as to any material fact, and that defendants are entitled to judgment as a matter of law. In support of the motion, defendants filed an affidavit with exhibits attached thereto by L. T. Harrison, Contracting Officer, Bureau of Ships.

Defendant Forrestal, as Secretary of Defense, and Defendant Sullivan, as Secretary of the Department of the Navy, also move to dismiss the petition as to them on the ground that this Court lacks venue. In a Stipulation entered into April 20, 1949, by and between counsel for the parties, and filed April 22, 1949, plaintiff agreed that the action be discontinued and dismissed as to James V. Forrestal, Pentagon Building, Washington 25, D. C., as Secretary of Defense, and John L. Sullivan, Navy Building, Washington 25, D. C., as Secretary of the Department of the Navy. Under Rule 41 (a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., an action may be dismissed without order of Court by the filing of such stipulation signed by all parties who have appeared in the action.

■ Plaintiff's Amended Complaint states: "6. During said period, to wit: From August 1944 to the 14th day of August, 1945, in furnishing work, supplies and services under the provisions of Contract NObs-16054 and without fault or negligence on its part, plaintiff incurred a loss of $33,603.48 in that the cost of performance amounted to $62,179.48 and the contract price amounted to $28,576.00. 7. During said period, to wit, from August 1944 to August 14, 1945, in furnishing work, supplies and services under the provisions of Contract NObs-17461, and without fault or negligence on its part, plaintiff incurred a loss of $65,917.61 in that the cost of performance amounted to $158,122.51 and the contract price amounted to $92,205.00." These paragraphs allege that the losses were sustained under contracts under which plaintiff did furnish work, supplies and services on or before August 14, 1945, and al-

lege specifically the amount of losses sustained before August 14, 1945, in compliance with the requirements of the Lucas Act and Executive Order 9786. Although these allegations are contradicted by the affidavit of L. T. Harrison, mentioned above, they must be accepted as true when considering this motion. They state a claim against the defendants upon which relief could be granted and establish this Court's jurisdiction under the Lucas Act and Executive Order 9786. The motion to dismiss or for summary judgment insofar as it is based on plaintiff's failure to allege losses under contracts under which it furnished work, services and supplies on or before August 14, 1945 and plaintiff's failure to specify the amount of losses allegedly sustained on or before August 14, 1945, is without merit and should be denied.

■ The defendants also rely on Paragraph 307 of Executive Order 9786, which provides in part as follows: "Relief with respect to a particular loss claimed shall not be granted under the Act and these Regulations unless the war agency considering the claim finds * * * that relief would have been granted under the First War Powers Act, 1941, if final action with respect thereto had been taken by the war agency on or before August 14, 1945." In Howard Industries, Inc., v. United States, 1949, 83 F.Supp. 337, the United States Court of Claims, in referring to a similar Government contention as to Paragraph 307, stated, inter alia: "We cannot agree with the Government's contention that the Lucas Act is merely an extension of the First War Powers Act and that only those claims that could have been allowed under that act may be considered under the Lucas Act. * * * We accordingly conclude that Paragraph 307 of Executive Order 9786 is a regulation unauthorized by the Lucas Act and is in direct conflict with the express terms of the act and with its intent as revealed in its legislative history. The Government's motion, insofar as it is based on this regulation, must therefore fail." This statement is in accord with the views of this Court as expressed in McGann Mfg. Co., Inc., v. United States et al., 1949, 83 F.Supp. 957, and

also is supported by the cases of Warner Construction Co. v. Krug, Sec. of the Interior et al., D.C.D.C.1948, 80 F.Supp. 81; and Modern Engineering Co., Inc., v. United States, Ct. Cl., 1949, 83 F.Supp. 346.

Accordingly, the motion of defendants to dismiss the petition, or in the alternative for summary judgment, should be denied.

Now, July 19, 1949, it is ordered that defendants' motion to dismiss or for summary judgment be, and it hereby is, denied.