(No. 17843.—Decree affirmed.)
SARAH L. JOHNSON, Appellee, *vs.* FRED P. BERNARD *et al.*
Appellants.

*Opinion filed December 23, 1926.*

1. PRINCIPAL AND AGENT—*what is sufficient to show agency.*
Where a real estate broker demands of and is paid by the vendor
a per cent of the purchase price as his commission in the sale of
land the court is warranted in finding that the broker acted as
the vendor's agent in the transaction.

2. SAME—*vendor may rescind transaction where agent buys for
himself through third party.* An agent for the sale of property
is prohibited from having any interest in the sale, directly or in-
directly, without consent of his principal, given after full knowl-
edge of every fact known to the agent which might affect the prin-
cipal's interest, and if a purchaser, knowing of the relation, enters
into an agreement to buy the land of the principal, ostensibly for
himself but secretly for the agent, the principal, upon learning the
facts, may rescind the sale and reclaim the land.

APPEAL from the Superior Court of Cook county; the
Hon. OSCAR HEBEL, Judge, presiding.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellants.

EDWARD J. KELLEY, and DANIEL L. MADDEN, for ap-
pellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

In the early part of 1921 appellee, Sarah L. Johnson,
being the owner of 4.33 acres of undivided real estate in
the city of Chicago, entered into negotiations with Henry
G. Zander, a member of the real estate brokerage firm of
Koester & Zander, for the sale of a portion of the land.
The negotiations resulted on May 23, 1921, in the sign-
ing of a written contract by appellee as seller and Fred P.
Bernard as purchaser for the sale of 2.82 acres thereof, and
on July 5, 1921, she conveyed the same to Bernard for the
purchase price of $3200, of which $800 was to be cash and
the balance to consist of four notes of $600 each, payable
one, two, three and four years after date, respectively, with

interest at six per cent per annum. Appellee had no personal dealings with Bernard, the transaction being conducted by Zander, who turned over to her the four notes, and after deducting $35 for a survey, $10 for drawing affidavits, $2.10 for recording the affidavits and $3.98 for revenue stamps, retained $160 as a brokerage commission at five per cent on the $3200 sale and turned over to her a check of Koester & Zander for $588.92. Bernard was not the real purchaser but was an employee of Zander and took the title to the premises for him and on May 18, 1922, conveyed the same to him. Appellee, upon discovering these facts, offered to re-pay to Zander all that she had received, together with all his expenditures with reference to the premises, and demanded a reconveyance to her, which being refused she filed her bill in the superior court of Cook county, alleging that she had been induced to make the deed to Bernard by fraud on the part of Zander and praying that he be compelled to reconvey the same to her. Appellants answered the bill denying the fraud, and upon a hearing in open court a decree was entered finding the material allegations in appellee's bill to be true and ordering appellants to reconvey the premises to her upon her making certain payments for taxes and special assessments. From this decree appellants have perfected an appeal to this court.

It is contended by appellants that Zander was never employed by appellee as a real estate broker or ever stood in the relation of an agent to her, but, on the contrary, disclosed to her that he was himself purchasing the premises. There is a conflict in the evidence upon this proposition. The undisputed evidence is that Zander retained out of the proceeds of the sale $160 as commission for the services of his firm in making the sale. Having demanded payment from appellee for his services as such broker and appellee having paid the same, the court was fully warranted by the evidence in finding that Zander acted as appellee's agent in the transaction.

It is contended by appellants that during the negotiations appellee refused to pay Zander a broker's commission but told him he must get his commission out of the purchaser, and that, therefore, he owed no duty to her, and that if thereafter he purchased the property for himself in the name of another, the mere fact that he arbitrarily deducted a commission when closing the deal will not permit the seller, after the deed has passed, to rescind the transaction and recover the property. While there are authorities to the effect that where an agency does not exist pending the negotiations for the sale such agency cannot be created by what subsequently transpires, yet such authorities can have no application here. Appellee and her brother both testify that Zander was authorized by her to find a purchaser for the premises, and while appellee in the preliminary negotiations had told Zander that he must get his commission from the purchaser, yet when the deal was closed, and as a part thereof, Zander demanded and appellee paid $160 commission for his services as such agent. An agent for the sale of property is prohibited from having any interest, directly or indirectly, in the sale without the consent of his principal, after full knowledge of every fact known to the agent which might affect the principal's interest, and if a purchaser, knowing of the relation, enters into an agreement with the agent to buy land of the principal, ostensibly for himself but secretly for the agent, the principal, upon learning the facts, may rescind the sale and reclaim his land. *Tyler* v. *Sanborn,* 128 Ill. 136; *Glover* v. *Layton,* 145 id. 92; *Linn* v. *Clark,* 295 id. 22.

The transaction here in question amounted, in law, to a fraud upon appellee, and the court did not err in ordering a reconveyance of the premises to appellee upon her paying to Zander the amounts which he had expended for taxes and assessments and returning to him what she had received.

The decree of the superior court is affirmed.

*Decree affirmed.*