**DWYER et al. v. TRACEY.**

**No. 49 C 593.**

United States District Court
N. D. Illinois, E. D.

March 2, 1950.

Martin J. McNally, Chicago, Ill., for plaintiffs.

Norville & Dent, Chicago, Ill., for defendant.

LA BUY, District Judge.

The court has considered the briefs of the parties filed in connection with defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Without relating in detail the allegations of the four counts of the complaint, the gist of the complaint is that defendant, as an officer and director of debtor corporation breached his duty as fiduciary and trustee to the debtor corporation and its stockholders, and derived personal advantage and profit at the expense of the debtor corporation in that (1) defendant and Curtis Franklin, who is alleged to have dominated and controlled the board of directors of the debtor corporation, caused the corporation to enter into employment agreements with defendant which were detrimental to the best interests of the corporation and profitable to him, (2) defendant and Curtis Franklin caused the corporation to assume defendant's personal obligations to three employees of the debtor corporation, (3) defendant in violation of his employment agreement and in breach of his trust and fiduciary duty entered into a partnership with Reeves Sound, Inc., which manufactured and produced crystals from which defendant derived a large profit and that said relationship was not disclosed to the debtor corporation, and (4) that defendant as director voted in favor of a resolution adopted by the board of directors at the instance and request of Franklin directing the corporation to pay certain moneys to the minor children of James J. Walker for which no consideration whatever was paid to or received by the debtor corporation.

█ In support of his motion to dismiss the defendant has introduced his own affidavit setting forth the minutes and resolutions of the corporation's board of directors and exhibits of the contracts entered into between defendant and Allied International Investing Corporation, Automatic Products Corporation and Allen B. Du Mont Laboratories, Inc.; the affidavit of Hazard E. Reeves, president and principal stockholder of Reeves Sound, Inc., for which it is stated defendant served in the capacity of technical advisor; and the statement of Dudley Foster, one of the three employees with whom defendant had made agreements subsequently assumed by the debtor corporation.

Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A., the last sentence thereof, states: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The extrinsic matter introduced by the submitted affidavits are directed to show the transactions alleged in the complaint were in fact obligations legally incurred by the corporation through the resolution of its board of directors. An affidavit cannot be used in a motion to dismiss as proof which contradicts the well pleaded facts of a complaint and thereby force the plaintiff to a summary trial on the facts so pleaded. As a general rule a well pleaded allegation of fraud is an allegation of fact which cannot be disposed of by trial by affidavit. For these reasons, the court is of the opinion that the affidavits of the defendant should be excluded and the motion treated as a motion to dismiss.

█ An important fact present in this case which should not be overlooked is that directors and corporate officers, while not trustees in the technical sense in which that term is used, occupy a fiduciary relationship to the corporation and to the stockholders. The obligations incident to such a relationship are aptly described in Dixmoor Golf Club v. Evans, 1927, 325 Ill. 612, 616, 156 N.E. 785, 787: " * * * The directors of a corporation are trustees of its business and property for the collective

body of stockholders in respect to such business. They are subject to the general rule, in regard to trusts and trustees, that they cannot, in their dealings with the business or property of the trust, use their relation to it for their own personal gain. It is their duty to administer the corporate affairs for the common benefit of all the stockholders, and exercise their best care, skill, and judgment in the management of the corporate business solely in the interest of the corporation. Farwell v. Pyle-National Electric Headlight Co., 289 Ill. 157, 124 N.E. 449, 10 A.L.R. 363. The stockholders are entitled to the utmost fidelity of the directors to the interest of the stockholders. It is a breach of duty for the directors to place themselves in a position where their personal interests would prevent them from acting for the best interests of those they represent. Gilman, Clinton and Springfield Railroad Co. v. Kelly, 77 Ill. 426; Hooker v. Midland Steel Co., 215 Ill. 444, 74 N.E. 445, 106 Am.St. Rep. 170. A director of a corporation cannot become the purchaser of property of the corporation which it is his duty to sell. Chicago Hansom Cab. Co. v. Yerkes, 141 Ill. 320, 30 N.E. 667, 3 Am.St.Rep. 315. He is subject to the ordinary rule that an agent to sell cannot sell to himself, and an agent to buy cannot buy of himself. The interests of buyer and seller are inconsistent, and an agent cannot represent both interests at the same time. While a director is not disqualified from dealing with the corporation and buying its property or selling property to it, he must act fairly [and freely] and be free from all fraud or unfair conduct, his transactions will be subjected to the closest scrutiny, and, if not conducted with the utmost fairness, to the end that the corporation shall have received full value, they will be set aside. Nowak v. National Car Coupler Co., 260 Ill. 260, 103 N.E. 222. If he becomes a party to a contract with the corporation, his obligation to candor and fair dealing is increased in the precise degree that his representative character has given him power and control from the confidence reposed in him by the stockholders. Beach v. Miller, 130 Ill. 162, 22 N.E. 464, 17 Am.St.Rep. 291. * * *

It is clear that this relationship between defendant and the debtor corporation calls for a more careful scrutiny of the transactions charged to have been dealt with them where no such position of trust and confidence existed. As was stated in Winger v. Chicago Bank & Trust Co., 1946, 394 Ill. 94, 109–110, 67 N.E.2d 265, 276:

"Generally speaking, in the case of those not occupying a fiduciary relation fraud must be proved by those asserting it; and if a fund is diverted it must be identified before it can be recovered in kind or a lien imposed upon a fund with which it is comingled. A fiduciary dealing with his beneficiaries is measured by a different standard. He cannot benefit by dealing with them to their disadvantages. Therefore, directors of a corporation cannot acquire the property of the corporation without exercising the utmost good faith. Dixmoor Golf Club v. Evans, 325 Ill. 612, 156 N.E. 785; Farwell v. Pyle-National Electric Headlight Co., 289 Ill. 157, 124 N.E. 449, 10 A.L.R. 363; Fletcher on Corpns. Perm. Ed. sec. 918; Twin-Lick Oil Company of West Virginia v. Marbury, 91 U.S. 587, 23 L.Ed. 328. The sale is presumptively fraudulent. Gilmore v. Lee, 237 Ill. 402, 86 N.E. 568, 127 Am.St.Rep. 330; Stephens v. Collison, 249 Ill. 225, 94 N.E. 664; Beach v. Wilton, 244 Ill. 413, 91 N.E. 492; Pomeroy Eq. Juris., 5th Ed., sec. 918. There are two reasons for this,—first, because of the fiduciary relationship; and second, if the directors act in their own interests there was no one to represent the corporation. Rieger v. Brandt, 329 Ill. 21, 160 N.E. 130; Johnson v. Bernard, 323 Ill. 527, 154 N.E. 444; Voorhees v. Campbell, 275 Ill. 292, 114 N.E. 147. * * *

"The distinction between trusts arising from actual fraud and those arising from a fiduciary relation has been long recognized. In other species of constructive fraud there is actual undue influence designedly exerted upon one who is susceptible because of mental weakness, old age, ignorance, necessitous condition, or the like. The existence of a fiduciary relation is unnecessary and immaterial in such cases. The fraud is established as a fact, and is the means of setting aside the transaction without the aid

of a presumption. The single circumstance at this moment considered is the existence of a fiduciary relationship. The question is one when, as between the parties, influence is implied in the very conception of the relation, in which the position of one is superior to that of the other. It does not involve intentional concealment or misrepresentation, and while equity does not deny the possibility of valid transactions between the two parties, yet, because every fiduciary relation implies a condition of superiority held by one of the parties over the other, in every transaction between them by which the superior party obtains a possible benefit, equity raises a presumption against its validity, and casts upon that party the burden of proving affirmatively its compliance with equitable requisites to overcome the presumption. Addis v. Grange, 358 Ill. 127, 192 N.E. 774, 96 A.L.R. 607; Mors v. Peterson, 261 Ill. 532, 104 N.E. 216; Roby v. Colehour, 135 Ill. 300, 25 N.E. 777; Dixmoor Golf Club v. Evans, 325 Ill. 612, 156 N.E. 785; Stephens v. Collison, 249 Ill. 225, 94 N.E. 664."

It appears, therefore, that there is a presumption of fraud when a fiduciary, or the like, profits at the expense of one who confides in him. The complaint alleges in sufficient detail the facts surrounding the misconduct of the defendant which are charged to have been detrimental to the corporation and profitable to him. These transactions, if proven as alleged, constitute a claim upon which relief can be granted.

Defendant has raised the defense of the Statute of Limitations or laches and estoppel. The court is of the opinion that neither bars this action. First, in accord with Becker v. Billings, 304 Ill. 190, 191, 136 N.E. 581, the statute would begin to run when the trust relationship between the director and the corporation and stockholders is at an end; that is, when the defendant ceased to be a director; and second, laches does not bar the action until the alleged fraud is discovered or could have been discovered by exercise of reasonable diligence; but the failure to use diligence is excused where the defendant stands in a fiduciary relationship. Auer v. Wm. Meyer Co. et al., 322 Ill.App. 244, 54 N.E. 2d 394.

An order has this day been entered overruling defendant's motion to dismiss and giving the defendant leave to answer within twenty (20) days.