**MONGE v. SMYTH, Collector of Internal Revenue.**

No. 30684.

United States District Court
N. D. California, S. D.
Oct. 15, 1951.

822

Wareham C. Seaman and Seaman & Dick, all of Stockton, Cal., for plaintiff.

Chauncey Tramutolo, San Francisco, Cal., Paul E. Anderson, Special Atty., San Francisco, Cal., for Bureau of Internal Revenue.

Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

The court has before it two motions, the plaintiff's motion to strike the affidavit of Henry M. Sorrell and the defendant's motion to dismiss the complaint.

The plaintiff's motion to strike is granted because in an effort to force a summary trial a party may not use affidavits controverting the allegations of the complaint in connection with a motion to dismiss. Dwyer v. Tracey, D.C., 10 F.R.D. 115.

The defendant's motion to dismiss raises the question of this court's jurisdiction. 26 U.S.C.A. § 3653(a) provides, "Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." The plaintiff seeks to have this court enjoin the defendant from "Selling plaintiff's property or taking any other action to collect income taxes, penalties, or interest pursuant to the assessments made against plaintiff on or about December 28, 1949 and relating to the years 1942 to 1946 inclusive."

At the outset it must be recognized that the courts have on occasion enjoined collection of taxes despite the mandate of the statute, Hill v. Wallace, 259 U.S. 44, 42 S. Ct. 453, 66 L.Ed. 822; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Allen v. Regents of the University System of Georgia, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Mitsukiyo Yoshimura v. Alsup, 9 Cir., 167 F.2d 104. The courts have required a showing of extraordinary facts and circumstances or a showing that the conduct of the government's agents in assessing the tax in question was arbitrary and oppressive before collection of the tax will be enjoined.

The plaintiff alleges that at the conferences with the Bureau of Internal Revenue, during which the compromises were worked out which in turn became embodied in the waiver Form 870–TS signed by him, he was represented by counsel having an adverse interest to his cause and such fact was known to the Bureau's representatives. It is his contention that this places him within the decision in Yoshimura v. Alsup, supra. In that case Bureau of Internal Revenue agents had told a Japanese taxpayer in Hawaii during the war to sign Form 870–TS or be interned. The Court of Appeals for the Ninth Circuit, reversing the trial court which had granted a motion to dismiss at the close of the plaintiff's case, held that a waiver, signed under such circumstances, presented "the unusual, the extraordinary case" and that an injunction could be granted if those facts were true.

In the case at bar the improper conduct, if any, at the conferences at which the compromises were reached, was that of the plaintiff's agents and not that of the government's representatives. This does not establish the "extraordinary circumstances" or "arbitrary and oppressive conduct of government agents." This case does not present a situation calling for this court to exercise its equitable powers to enjoin the collection of a tax.

The motion to dismiss is granted.