**HOY et al.**

v.

**PROGRESS PATTERN CO.**

Civ. A. No. 12846.

United States District Court
E. D. Michigan, S. D.

Nov. 5, 1953.

Geo. W. Crockett, Jr., of Goodman, Crockett, Eden & Robb, Detroit, Mich., for plaintiffs.

Omar Hansen and Roy F. Andes, Detroit, Mich., for defendant.

THORNTON, District Judge.

Plaintiffs herein seek overtime compensation and liquidated damages pursuant to the Fair Labor Standards Act, Section 16(b), 29 U.S.C.A. § 216(b). Defendant, in filing its motion to dismiss, contends that this Court lacks jurisdiction for the reason that plaintiffs were not employees within the meaning and coverage of the Fair Labor Standards Act. The motion to dismiss was addressed to the original complaint filed by the plaintiff Hoy, but, by stipulation between the parties, is to be considered

as addressed to the amended complaint in which Schuster was added as a party plaintiff.

There is agreement between the contentions of the parties that the plaintiffs herein were stockholders in defendant corporation, that they were officers of defendant corporation, and that they were also members of the board of directors of defendant corporation. It also appears from the pleadings that by agreement among the directors and officers they themselves would perform work at an agreed hourly wage regardless of what the total hours worked per week might be, and that, when the company was financially able to do so, it would make up to these officers the difference between said rate and that prevailing for pattern makers in the city of Detroit.

There have been numerous cases decided in construing the meaning of "employee" within the coverage of the Fair Labor Standards Act. The test laid down in several instances is that used by the Court in Fleming v. Demeritt Co., D. C., 56 F.Supp. 376, 378, to the effect that such determination must be made "in the light of the history, terms and purposes of the legislation." In this regard the Supreme Court of the United States has said:

> "The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from sub-standard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. * * * the prime purpose of the legislation was to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage."

Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706, 707, footnote 18, 65 S.Ct. 895, 902, 89 L.Ed. 1296.

Plaintiffs here contend that their duties were not of the type known as executive or administrative, but that they were employees working as pattern makers and/or machinists. Defendants have argued that plaintiffs were executives acting in an administrative capacity and, therefore, without the protection of the Act. As a practical matter, and from a realistic viewpoint, we cannot agree with the defendant. How can the work of operating machines be classified as executive or administrative? Clearly, these plaintiffs were performing work generally performed by non-executive employees. The distinction here, however, lies in the fact that these workers were more akin to self-employed workers than to employees working for an employer. They themselves had set up the manner in which this corporation was to function, and determined for themselves their own hours and rate of pay. The relationship of employer-employee in this situation may be said to have existed solely by virtue of the corporate structure, but not when viewed with an eye for actualities. Partners in a partnership who might agree among themselves to perform all the work operations of the business would find it difficult to sustain a contention that they were employees. It is no less difficult to perceive that the existence of the legal entity known as a corporation, which in this instance functioned more like a partnership, transforms owner-workers into employees.

For the reasons stated herein, this Court must conclude that these stockholder-director-officer plaintiffs are not such employees as come within the purview of the Fair Labor Standards Act. The action must therefore be dismissed, and an order may be presented accordingly.