Harry HOY and Michael R. Schuster,
Appellants,

v.

PROGRESS PATTERN COMPANY,
Appellee.

No. 12149.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 1954.

George W. Crockett, Jr., Detroit, Mich., for appellants.

Roy F. Andes, Detroit, Mich., Omar Hansen, Detroit, Mich., on the brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellants by this action sought to recover from the appellee, Progress Pattern Company, unpaid overtime compensation and liquidated damages pursuant to Section 16(b) of the Fair Labor Standards Act, Sec. 216(b), Title 29 U.S. C.A.

The complaint alleges that the appellee, a Michigan corporation, was, during the period herein involved, engaged in the production of goods for interstate commerce; that the appellant, Harry Hoy, was an employee of the appellee during said time; that during the period of August 24, 1951 to August 10, 1953, the appellee employed appellant in the production of goods for interstate commerce for work weeks longer than 40 hours and failed and refused to compensate him for such employment in excess of 40 hours in said work weeks at a rate not less than one and one-half times the regular rate at which he was employed, in violation of the provisions of the Act.

The appellee moved to dismiss the complaint on the grounds that the Court lacked jurisdiction over the subject matter because appellant Hoy was one of the five stockholders in the appellee corporation, owning 225 shares of the 1725 shares issued, was one of the directors, Chairman of the Board of Directors and Vice President of the appellee corporation, and as such was not an employee within the meaning and intent of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.; that appellant was an executive of the appellee corporation; that appellant occupied an administrative status in the appellee corporation; that no

relationship of employer and employee existed between the appellant and the appellee corporation within the meaning and intent of said Act; that the complaint failed to state a claim upon which relief could be granted for the foregoing reasons; and that the appellant and the other four stockholders had entered into a contract among themselves that they would work for the appellee corporation on an hourly wage base of $2.00 per hour, later reduced to $1.50 per hour, for all hours' work regardless of whether the number of hours worked exceeded 40 hours per week, which agreement was accepted at a meeting of the board of directors on December 10, 1947.

An affidavit filed in support of the motion to dismiss states that the appellant during the period in question was a stockholder, officer, director and Chairman of the Board of Directors of the appellee corporation, and sets out the making of the agreement relied upon. Hoy's affidavit in opposition to the motion states that during 1947, while regularly employed at the Rouge Plant of the Ford Motor Company, he was asked to work for appellee's predecessor during off hours, which he did, later leaving Ford and working full-time; that the business was subsequently incorporated into what is now the appellee; that he was asked to and agreed to buy 250 shares of stock; that he was a member of the Pattern Makers Association, a trade union with which the Company had a contract governing wages, hours and working conditions; that although he was given the title of Vice President and Chairman of the Board of Directors, he had no active part or duties with respect to the office routine or management of the Company but worked at a bench and received no compensation except the wages earned by him as a pattern maker; that the President and Secretary and another employee did all of the supervising and the laying out of the work on the jobs.

An amended complaint made the appellant Michael R. Schuster a party plaintiff, with similar allegations about his employment by the appellee, and work by him in excess of the 40-hour work week.

The District Judge held that the appellants were employees working as pattern makers or machinists and were not employed in executive or administrative capacities; that they were more akin to self-employed workers than they were to employees working for an employer, similar to partners in a partnership agreeing among themselves to perform all the working operations of the business; and that the stockholder-director-officer appellants were not such employees as came within the purview of the Fair Labor Standards Act. The motion to dismiss was sustained, D.C., 121 F.Supp. 371, from which this appeal followed.

■■■ It will be noticed that the motion now under consideration is a motion to dismiss the complaint, not a motion for summary judgment. For the purpose of testing whether the complaint states facts sufficient to constitute a cause of action, a motion to dismiss accepts as true all well pleaded allegations of fact, which cannot be challenged by affidavits to the contrary. Dwyer v. Tracey, D.C. N.D.Ill., 10 F.R.D. 115; Pittston-Luzerne Corp. v. United States, D.C.M.D.Pa., 84 F.Supp. 800; Eberle v. Sinclair Prairie Oil Co., D.C.E.D.Okl., 35 F.Supp. 296. The complaint alleges that the appellants were employees of the appellee during the time in question and were employed by the appellee in the production of goods for interstate commerce. As the record now stands, these allegations are not denied. The affidavit in support of the motion to dismiss should not have been considered by the District Judge in passing upon such motion. The complaint states a cause of action, and the motion to dismiss should have been overruled. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Chappell v. Goltsman, 5 Cir., 186 F.2d 215.

**704**

Rule 12(b), Rules of Civil Procedure, 28 U.S.C.A., permits the District Court in a situation such as is here presented to treat the motion as one for summary judgment for disposition as provided by Rule 56, and it seems that the motion was so considered. If so, a factual question was presented whether the appellants are actually employees, or by reason of their stockholder-officer-director relationship with the corporation are not to be treated as such employees. It seems clear to us that such relationship by itself does not prevent a stockholder, officer, or director from also being an employee covered by the Act. In present-day industry many employees of large corporations, who perform routine duties and are clearly covered by the Act, are also stockholders, and in numerous instances one or more of such stockholder-employees also act as directors. In determining the issue in the present case, it is necessary to know and consider all of the facts bearing upon appellants' employment including its origin, the nature and extent of appellants' authority and duties, and the actual relationship existing between them and the dominant stockholders and officers of the appellee corporation, regardless of the titles which were conferred by the corporation upon these workers. In our opinion, there exists such a factual question, shown by the affidavit in opposition to the motion, as prevents this matter being disposed of on the basis of the one affidavit filed in support of the motion to dismiss. The issue, to be raised by a proper pleading, should be fully developed by evidence offered at the time of trial Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347; Begnaud v. White, 6 Cir., 170 F.2d 323; Estepp v. Norfolk & W. Ry. Co., 6 Cir., 192 F.2d 889; Bellak v. United Home Life Ins. Co., 6 Cir., 211 F.2d 280.

The judgment of the District Court is reversed and the case remanded for further proceedings in accordance with the views expressed herein.