The **FIDELITY & CASUALTY COMPANY OF NEW YORK**, The Fidelity & Casualty Company of New York, as Subrogee of Morgan Drive Away, Inc., Plaintiffs-Appellees,

v.

The **SEVEN PROVINCES INSURANCE COMPANY, Ltd., Defendants-Appellants.**
No. 16028.

United States Court of Appeals
Sixth Circuit.
May 14, 1965.

Richard Edward Mueller, Chicago, Ill., Walter L. Leech, Leech & Leech, Flint, Mich., Lord, Bissell & Brook, Chicago, Ill., on the brief, for appellant.

Douglas M. Philpott, Flint, Mich., Walter J. Barkey, Flint, Mich., on the brief, for appellees.

Before WEICK, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The plaintiff, Fidelity & Casualty Co. of New York, hereinafter referred to as F. & C., issued its policy of automobile liability insurance to the insured Morgan Drive Away, Inc., hereinafter referred to as Morgan, which was engaged in the business of hauling house trailers throughout the United States, with bodily injury limits of $200,000/500,000 for the period of March 1, 1959, to March 1, 1960. Without discussing its coverage provisions in detail, it can be said that the policy covered Morgan and Robert Dick, the owner and driver of a tractor which Dick had leased to Morgan for its exclusive use in the common carrier service of said corporation, with respect to the accident hereinafter referred to.

On January 13, 1960, the tractor operated by Dick was ordered by Morgan to proceed from Flint to Pontiac, Michigan, to pick up a trailer. While so proceeding, the tractor collided with a vehicle in which Peter S. Marino, Jr., was a passenger, causing serious injuries to Marino. In an action filed by Marino against Morgan and Dick, Marino recovered a judgment in the amount of $150,000.00 and costs. This suit, plus the suit of Marino's wife, was settled by F. & C. for a total of $185,000.00. F. & C. incurred defense costs of $9,582.21.

Before defending the actions F. & C. called upon the defendant, The Seven Provinces Insurance Company, Ltd., hereinafter referred to as Seven Provinces, to defend the actions and to pay any judgments that might be obtained against Morgan and Dick up to the limits of an insurance policy issued by Seven Provinces, which also provided a certain type of coverage, as hereinafter described, for Morgan and Dick. Seven Provinces refused to do so, denying coverage under its policy, with the result that F. & C. defended the suits and settled and paid the claims of Marino and his wife.

F. & C. thereafter filed this action in the District Court seeking reimbursement from Seven Provinces for so much of its payment in satisfaction of the Marino claims as was within the Seven Provinces coverage, plus attorneys' fees, costs and expenses incurred therein. This was based upon the contention that, although both policies covered the accident, defendant was the primary insurer and F. & C. was to be considered an excess insurer. Defendant's answer raised no factual issue, but denied coverage and liability under the provisions of its policy. The District Judge sustained plaintiff's motion for summary judgment and entered judgment in favor of the plaintiff for $59,282.31, plus costs. On rehearing, this ruling was affirmed. This appeal followed.

The question thus presented is what coverage was provided Morgan and Dick by the insurance policy issued by Seven Provinces. It is clear that Morgan and Dick were insured thereunder and that the policy covered the period of September 2, 1959, to September 2, 1960. With

respect to coverage, the policy, after stating on its face the name and address of the insured, provided:

"Type of Coverage: Bobtail Automobile Liability in the amount of $50/100,000.00 Bodily Injury 10,-000.00 Property Damage."

In another part of the policy under the general head of "Coverage" it stated:

"Coverage Hereunder is Bob-Tail Automobile Liability Insurance Being for Limits of . . .."

The policy does not explain or define what is meant by "Bob-Tail Automobile Liability Insurance."

Another paragraph under the general subject of coverage provided:

"It is specifically agreed that coverage hereunder does not apply if the tractor is attached to a trailer or semi-trailer. Coverage hereunder applies only to tractors."

The District Judge was of the opinion that this provision, although written in negative terms, was clear and unambiguous, and translated into positive terms, was a statement that coverage applied when the tractors employed by Morgan operated without trailers or semi-trailers. Under this construction the policy covered the accident.

On the rehearing Seven Provinces offered affidavits with respect to the meaning of Bobtail Liability Insurance, which stated that it covered a truckman only when the truck was not being operated under a lease agreement, that the carrier policy was intended to cover the leased operations of the carrier with the bobtail policy covering the non-leased operations, that its purpose was to provide protection for operators of tractors returning home while not pulling a trailer, and that it was not intended to provide duplicate coverage, but to provide coverage for the gaps not covered by the carrier policy covering leased operators. See: Ayers v. Kidney, 333 F.2d 812, 813, C.A.6th. The District Judge, however, was of the opinion that the defendant's policy was adequate in itself to supply the needed definition, that the only ques-

tion involved was a legal one, rather than factual, that in his opinion the word "Bobtail" referred to the physical makeup of the truck, i. e., tractor without trailer or semi-trailer, rather than to non-business use, and that, under the circumstances, summary judgment was proper.

We are of the opinion that the District Judge was in error in determining the basic coverage of defendant's policy through a construction of an exclusionary provision. An exclusionary provision does not state the coverage provided by a policy; it excludes certain risks from the general coverage provided elsewhere by the policy. It appears clear that defendant's policy affirmatively states what the coverage is in the insuring provisions on the face thereof, where it specifically states the "Type of Coverage" along with the name and address of the insured, the period of time covered by the insurance, and the amount of the insurance provided. These are the decisive and controlling provisions. The "Type of Coverage" is there stated to be "Bobtail Automobile Liability." The fact that there may be ambiguity in what this kind of coverage includes does not authorize us to ignore the provision or to decline to construe it. Our question then is to construe what is meant by "Bobtail Automobile Liability" coverage.

In our opinion, this is, standing alone, an ambiguous provision, although, obviously, by reason of the use of the words in a policy issued in the regular course of business, it must have some meaning among those engaged in this type of insurance. Under such circumstances we must attempt to ascertain that meaning. This requires consideration by the Court of testimony of those in a position to know, which may or may not be conflicting. The parties should be given the opportunity of fully developing this issue.

Under the circumstances, this case is not at the present time suitable for disposition on plaintiff's motion for summary judgment. S. J. Groves & Sons Company v. Ohio Turnpike Commission,

315 F.2d 235, 237–238, C.A.6th, cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed. 2d 57; Knapp v. Kinsey, 249 F.2d 797, 801–803, C.A.6th, cert. denied, 356 U.S. 936, 78 S.Ct. 778, 2 L.Ed.2d 802; Begnaud v. White, 170 F.2d 323, 327, C.A. 6th; Hoy v. Progress Pattern Co., 217 F.2d 701, 704, C.A.6th. See: Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, rehearing denied, 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.