SHOWN, Administrator, v. HAWKINS.

(*Knoxville.*　October 29th, 1886.)

1. STATUTE OF LIMITATIONS. *New promise. Conditional. Ability to pay.*

   A promise to pay a barred debt when the promisor is able, is conditional; and, in the absence of proof of ability to pay, does not remove the bar of the statute.

2. SAME. *Same. Same.*

   So a promise to pay a barred debt when the promisor should collect the money due him from a certain estate, or when that estate "is settled up," is conditional; and if it does not appear that the contingency of collection or settlement has happened, does not remove the bar of the statute.

   Cases cited and approved: Broddie *v.* Johnson, 1 Sneed, 467, 468; Fuqua *v.* Dinwiddie, 6 Lea, 648; Russell *v.* Gass, Mart. & Yer., 271; Butler *v.* Winter, 2 Swan, 92.

---

FROM GREENE.

---

Appeal from Chancery Court of Greene County. November Term, 1885. C. J. ST. JOHN, Ch.

H. H. INGERSOLL and A. B. WILSON for Complainant.

R. M. McKEE and W. A. HARMON for Defendant.

SNODGRASS, J.    The bill in this case was filed by the administrator, with the will annexed, of Sarah M. Hawkins, to enforce an alleged lien for purchase-notes exhibited with the bill, or two exhibited and one alleged to be in the possession of defendant, the vendee of the land. Bill filed November 4th, 1884.    The notes were for $100 each, dated 14th May, 1869, and due on or before the 10th day of November, 1870, bearing interest from 10th November, 1869.

It is alleged in the bill that they were executed for balance due on a tract of land, described, sold by Sarah M. Hawkins to defendant on the 14th May, 1869, and title bond given for conveyance.

The defendant answers, admits the purchase of the land, but denies that a title bond was given or lien retained, and insists that a deed was executed, and no lien reserved.    He also plead the statutes of limitation of six and seven years against the collection of the debt or enforcement of any lien.

It appears in evidence that a deed was executed as averred.

The question first presented is, was the action on the notes barred by the statute of limitations? This question settled in the affirmative, of course no other question upon the lien arises.    Otherwise the question as to whether the lien can now be enforced must be determined.

The Chancellor held the action upon the notes not barred upon the evidence of recognition and

promise to pay within six years, but that the lien was barred. Defendant appealed, and complainant sued out a writ of error.

The decree was erroneous. Assuming that the letters about which witnesses testify are sufficiently proven to be from defendant, the promises contained in them were at most but to pay when he was able. They are not unconditional, and, in absence of proof of ability to pay, do not authorize a recovery.

To take the case out of the statute, the proof must show an express promise to pay the debt, or an unconditional acknowledgment of the justice of it as a debt still due, and a willingness to pay it, in such manner that the law will imply a promise. *Broddie* v. *Johnson*, 1 Sneed, 467, 468; *Fuqua & Hartman* v. *Dinwiddie*, 6 Lea, 648; *Russell* v. *Gass*, M. & Y., 271; *Butler* v. *Winters*, 2 Swan, 92.

The language in the letters is, as quoted by the witnesses, that "he did not have the money to pay the notes just then, but that he owed the money, and would pay just as soon as he was able," and "asked her to send him one of the notes, saying that if she would send one of the notes down to him, he would try and get some money and pay it;" and in the second letter that "he was making some money then, and thought that he would be able to send her some money on the notes soon."

The law requires a promise to pay the debt— an express promise, or such acknowledgment of

present existence of the debt, and liability and willingness to pay it, as implies a promise. If the language in the latter instance implies an unconditional promise, this is sufficient; if only a conditional promise can be implied, it can have no greater effect than a conditional promise made. If conditional or contingent, the condition must appear to be performed, or contingency happened, to authorize recovery. Here, at most, a conditional promise is implied—a promise to pay contingent upon ability to do so. No ability is proven.

The other evidence relied on is of Witness Wilson. He says he showed Hawkins the notes, and Hawkins said: "They are all right; I will settle them. There will be more than enough coming to me out of J. C. Hawkins' estate to pay these notes, and I will pay them when I collect the money out of that estate." The entry on his books, made at the time, was (opposite the entry of claim on his books): "January 28. R. M. Hawkins says he will fix them up when J. C. Hawkins' estate is settled up."

Put it upon either ground—that it was a promise to pay "when he collected the money out of that estate," or "when J. C. Hawkins' estate is settled up"—it was conditional, and it does not appear that the contingency of collection or settlement has happened.

The evidence is not sufficient to take the case out of the statute. The testimony of defendant that he had received $200 from the estate of J.

C. Hawkins does not show that it was received since this promise.

The decree should, therefore, be reversed, and the bill dismissed, with costs.