**BEGNAUD et al. v. WHITE.**

No. 10554.

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1948.

John D. Martin, Jr., of Memphis, Tenn. (Bertrand W. Cohn and John D. Martin, Jr., both of Memphis, Tenn., on the brief), for appellants.

Benj. Goodman, Jr., of Memphis, Tenn. (Benj. Goodman, Jr. and Walter P. Armstrong, both of Memphis, Tenn., on the brief), for appellee.

Before HICKS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellants, who brought this action to recover on a note executed by the appel-

lee, appeal from a judgment sustaining appellee's motion for summary judgment and dismissing the action on its merits.

The Complaint states that on November 1, 1930 the appellee, in consideration of borrowed money, executed and delivered to Canal Bank and Trust Company his promissory note in the principal sum of $110,000 due 75 days after date; that the appellee paid upon the principal amount of the note the sum of $50,779.22, leaving a principal balance due and unpaid in the amount of $59,220.78; that the appellee repeatedly acknowledged said indebtedness and made repeated unconditional express or implied promises to pay the same; that he expressly waived the statute of limitations applicable to said note, but is now asserting the defense of said statute of limitations; but that by his conduct and acts he is equitably estopped from pleading or relying upon the statute.

The following facts are shown by exhibits filed with the complaint, stipulation between the parties, and affidavits both in support of and in opposition to the motion for summary judgment. The maturity of the note was January 15, 1931. The 6-year Tennessee Statute of Limitations, Code § 8600, was applicable to an action to reduce the note to judgment. On January 12, 1937, appellee White, a resident of Tennessee, wrote to the bank in New Orleans, Louisiana, then in liquidation, referring to the note and its unpaid balance and stating as follows:

"In consideration of your not instituting suit against me on said note at this time, I hereby agree that I will not plead, nor will I rely on, any statute of limitations in any suit instituted before January 15, 1939, to recover on the note; and for said consideration I hereby expressly waive the statute of limitations on said note.

"I appoint Harry G. Thompson as my Attorney in Fact to endorse on said note the following:

" 'For a valuable consideration I hereby waive the statute of limitations on the within note if suit be instituted before January 15, 1939.' "

The note bears the following endorsement on its back:

"Jany. 15, 1937.

For a valuable consideration I hereby waive the statute of limitations on the within note if suit be instituted before January 15, 1939.

WILLIAM WHITE
By H. G. THOMPSON
(Signed) HARRY G. THOMPSON
*Attorney-in-Fact.*"

Thereafter White wrote successive letters to the bank, each in practically identical terms to the one above referred to, with the exception of a different and later date, dated January 3, 1939, April 4, 1939, June 1, 1939, September 7, 1939, November 8, 1939, January 5, 1940, March 7, 1940, September 9, 1940, December 9, 1940, February 4, 1942, January 25, 1943, January 26, 1944, January 10, 1945 and January 19, 1946. Following each letter an endorsement in the same terms as the one above referred to with the exception of a new date, was placed upon the back of the note. In the last letter of January 19, 1946, the new date referred to was February 15, 1947, and the endorsement on the back of the note dated January 23, 1946 read— "For a valuable consideration, I hereby waive the statute of limitations on the within note if suit be instituted before February 15, 1947."

On or about December 3, 1946, the President of the Union Planters National Bank and Trust Company at Memphis, Tennessee, at the instance of White, requested the bank to give considerate treatment of White in assisting him to work out a settlement of his indebtedness for a lesser amount. H. G. Thompson Special Agent of the State Bank Commissioner in the liquidation of the bank replied that a pending offer of $1,000 plus $500 for attorneys' fees was purely nominal and could not be considered. Shortly prior to January 6, 1947, White's attorney in Memphis went to New Orleans and interviewed Thompson relative to a settlement of the note. Following his return to Memphis, he wrote Thompson under date of January 6, 1947, that he had discussed the matter fully with White who was anxious to make every effort to effect a settlement of the claim on a basis satisfactory to Thompson, and that he would appreciate it if Thompson

and his associates would give the matter further careful consideration and fix a suggested basis of settlement if possible at a figure of something less than $10,000, and to allow a short period in which White would have an opportunity to endeavor to raise the necessary funds to effect settlement. Under date of January 11, 1947, Thompson answered this letter stating that he would discuss the matter with his associates some time during the next week and let him hear from him. Under date of February 15, 1947, Thompson wrote White's attorney stating that he had discussed his letter with his associates and they had concluded that if White would raise the necessary funds to offer $10,000 cash to compromise the settlement in full they would recommend the acceptance, subject to the approval of the State Banking Department, and the Court, and the furnishing of a satisfactory financial statement by White. White's attorney was out of the city when this letter arrived and his partner answered the letter under date of February 17, 1947, stating that since suit had not been filed against White by the bank prior to February 15, 1947, White had the right to interpose the statute of limitations against any further demand by the bank and would do so, and, accordingly was not interested in the making of any offer of settlement. The present action to reduce the note to judgment followed. White thereafter, and before filing any answer to the complaint, filed his motion for summary judgment dismissing the action, in that it affirmatively appeared from the complaint that the right of action did not accrue within six years next before the commencement of the action, and in that White was not equitably estopped to rely upon the statute of limitations. The motion was supported by affidavits. Appellants also filed a motion for summary judgment with affidavit of Thompson both in support of the motion and in opposition to appellee's motion, contending that under the facts shown by the affidavits and appellee's admission that there was no genuine issue of material fact, the right of action was not barred by the statute and the appellee was in addition equitably estopped to rely on it. The District Judge overruled appellants' motion and upheld both of appellee's contentions, dismissing the action.

▮ Under Rule 56(a), Federal Rules of Civil Procedure, 28 U.S.C.A., before the present amendment which was not then effective, appellants' motion was premature since answer had not been filed, and was properly overruled.

▮ We do not agree with appellants' first contention that White unconditionally waived the statute of limitations. The letters show an acknowledgment by White of the debt but we do not think they also contain any express or implied promise to pay such as is necessary under the Tennessee law to constitute a valid waiver of the defense of the statute of limitations. Shown v. Hawkins, 85 Tenn. 214, 2 S.W. 34. Appellants' contention stresses only that portion of each letter which reads: "; * * * and for said consideration, I hereby expressly waive the statute of limitations on said note."

If that was the only statement in the letter applicable to the issue the contention might have merit; but immediately preceding those words each letter states that White will not plead or rely on the statute if suit is instituted before a certain day. The letter must be considered in its entirety. It seems plain to us that the sum and substance of the agreement stated in the letter was embodied in the endorsement which the parties agreed should be placed upon the back of the note and signed by Thompson as attorney-in-fact for White. This endorsement only waived the statute of limitations conditionally. If the waiver of the statute was unconditional and unlimited, the wording of this endorsement would have been different and would not have contained the limiting date in each instance. Likewise if there had been an unlimited waiver of the statute the first letter of January 12, 1937 would have been sufficient. The numerous succeeding letters, each extending the date, clearly indicate that the bank and its liquidators were not claiming or relying upon any unconditional or unlimited waiver of the statute. One of the recognized rules for construing a written contract, which has been

partially performed, is to ascertain how the parties have themselves construed it by their partial performance of it. Lowrey v. Hawaii, 206 U.S. 206, 27 S.Ct. 622, 51 L.Ed. 1026; American Barge Lines Co. v. Jones & Laughlin Steel Corp., 179 Tenn. 156, 174, 163 S.W.2d 502. We are of the opinion that the undisputed facts on this phase of the case sustain the District Judge's ruling that White's waiver of the statute of limitations was in each instance conditional upon the filing of suit prior to a certain date, and that the last specified date of February 15, 1947 having passed without the condition being complied with, the waiver was not effective thereafter.

We are of the further opinion, however, that on the second phase of the case, namely, whether White was equitably estopped by his conduct from relying upon the statute of limitations the District Court was in error in making the ruling now complained of. Rule 56 of the Rules of Civil Procedure dealing with Summary Judgment, provides in subsection (c) that the judgment sought shall be rendered forthwith if the pleadings, depositions, admissions and affidavits show that, except as to the amount of damages, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The District Judge based his ruling that White was not so estopped upon the fact that Thompson, after receiving the letter of February 17, 1947, from White's attorney advising that White would rely upon the statute of limitations, wrote White's attorney on February 20, 1947 that in view of what had happened it was only fair that White carry out the proposed settlement, which letter also referred to the fact that when White's note was withdrawn from the custodian for endorsement of extension in January 1946, the bookkeeping department inadvertently did not enter in the register the date it was to be brought up for attention in 1947, with the result that it did not come to the bank's attention until the receipt of the letter advising that White would interpose the statute of limitations. It is urged upon us by appellee that the failure of the bank to file suit before the expiration of the statute was because of this negligence or inadvertence on its part and was not the result of any reliance by it on acts or conduct of White, and that in the absence of such reliance White is not estopped from pleading the statute. If the fact was established without question that such was the reason for the failure of the bank to file suit within time, the contention would have merit. But unless this fact is established without question, the District Judge was not authorized to rule on the question.

There is little difficulty, if any, about the correct rule of law involved, the principle of estoppel. If any issue exists it is one of fact, namely, did the bank through its liquidators refrain from filing suit on the note through reliance upon the statements and conduct of White in negotiating for a settlement. We are of the opinion that the District Judge erred in assuming that this fact was not in issue under the letters and affidavits tendered with the motions. In addition to Thompson's letter of February 20, 1947, the record plainly discloses contradictory testimony on this important fact issue.

▮ Thompson's affidavit, filed in opposition to appellee's motion for summary judgment, categorically contradicts the conclusion which must be given to his letter of February 20, 1947 in order for the District Judge to sustain the motion. It contains the following statement: "Had I been informed that a settlement satisfactory to me and my associates could not be expected, I would have at that time as Special Agent caused suit to have been instituted against Mr. White for the collection of the note. I would not have considered a renewal endorsement * * *."

It also states—"in short, the liquidators and I were induced to delay suing William White upon his note and the endorsements thereon because of our good faith acceptance of his representations and assurances through his counsel and through Mr. Vance Alexander that he wanted to settle this matter amicably without the necessity of a suit, * * *" In referring to the belief which the liquidators placed upon Mr. White's negotiations for a settlement, the affidavit further states—"had it not been for such belief so induced, suit would have

been filed before February 15, 1947." It also specifically states—"the reason why I delayed the filing of such suit * * * was my reliance upon the good faith of the negotiations instituted by and the assurances made by Mr. White through his attorney." The foregoing statements are what this witness would testify to if this case went to trial. Whether the jury would accept such testimony at its face value or reject it is not the present question. Taking it at its face value on the motion for summary judgment, it clearly puts in sharp issue the defendant's claim that the bank's liquidators did not rely upon the representations and negotiations of White.

 The authorities indicate that the trial judge should be slow in passing upon a motion for summary judgment which would deprive a party of his right to a trial by jury where there is a reasonable indication that a material fact is in dispute. Compare Sartor v. Arkansas Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967, where the affidavits of eight witnesses on behalf of the defendant were, under the circumstances in that case, insufficient to authorize the Court to sustain defendant's motion for summary judgment.

The fact that both parties make motions for summary judgment, and each contends in support of his respective motion that no genuine issue of fact exists, does not require the Court to rule that no fact issue exists. Each, in support of his own motion, may be willing to concede certain contentions of his opponent, which concession, however, is only for the purpose of the pending motion. If the motion is overruled, the concession is no longer effective. Appellants' concession that no genuine issue of fact existed was made in support of its own motion for summary judgment. We do not think that the concession continues over into the Court's separate consideration of appellee's motion for summary judgment in his behalf after appellants' motion was overruled. M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367, 369; Walling v. Richmond Screw Anchor Co., 2 Cir., 154 F.2d 780, 784.

The complaint states that the appellants, relying on the negotiations and appellee's request for consideration and delay, "in lieu of filing suit before February 15, 1947 wrote defendant on February 15, 1947 as to the amount they would recommend to the Court as a settlement of the admitted debt, * * *" In the present state of the record this allegation of fact has not been denied. If appellee desires to controvert this allegation of estoppel he can do so by filing his answer upon the remand of this case, together with any other proper defenses available to him. On the issue or issues of fact thus made, the parties are entitled to their jury trial.

Judgment of the District Court is reversed and the case remanded for further proceedings in accordance with the views hereinabove stated.