**In re TRANS–END TECHNOLOGY, INC., Debtor.**

**Robert M. Greenwald, Trustee, Plaintiff,**

**v.**

**Square D Company, Defendant.**

Bankruptcy No. 95–62168.
Adversary No. 97–6225.

United States Bankruptcy Court, N.D. Ohio.

Dec. 7, 1998.

---

Daniel A. DeMarco, Sherrese M. Smith, Hahn, Loeser & Parks, Cleveland, OH, for plaintiff.

Deborah L. Thorne, Fagel & Haber, Chicago, IL, for defendant.

Joel K. Dayton, Black, McCuskey, Souers & Arbaugh, Canton, OH, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

Pending before the Court are cross-motions for summary judgment filed by Plain-

tiff, Robert M. Greenwald, the Chapter 11 Trustee (Trustee) for Trans–End Technology, Inc. (Debtor), and Defendant, Square D Company (Square D). The Trustee has brought this adversary complaint to recover, pursuant to 11 U.S.C. § 547, alleged preferential transfers made by the Debtor to Square D in the amount of $357,737.73. Both parties filed responsive pleadings with respect to the motions. The Court comes now to render its decision on the motions.

## FACTS

The Debtor entered into a contract with Ford Motor Co. to install electrical transformers at a Ford facility located in Sterling Heights, Michigan. The Debtor subsequently entered into a subcontract agreement with Square D for the purpose of having Square D provide labor, services, and material to complete the Debtor's obligation at the Ford facility. In June, 1995, Square D provided its services at the Ford facility. Between June 26, 1995, and July 10, 1995, Square D invoiced the Debtor for those services. On or about September 7, 1995, the Debtor received payment from Ford. Subsequent to receipt of payment from Ford, the Debtor issued two checks dated September 7 and September 15, 1995, to Square D in the amounts of $186,508.70 and $120,223.00, respectively. The Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code on November 16, 1995. On November 13, 1997, the Trustee filed this Complaint seeking to recover, pursuant to 11 U.S.C. § 547(b) and § 550(a), the amount of $357,737.73 from Square D as alleged preferential transfers. Neither party disputes that the alleged preferential payments to Square D were received within ninety days of the petition date and that Square D was a creditor of the Debtor. Furthermore, the parties do not dispute that the Debtor was insolvent at the time of the transfers and that those transfers were made on account of a debt owed to Square D before the payments were made.

## DISCUSSION

The Court has jurisdiction in this adversary proceeding by virtue of Section 1334(b) of Title 28 of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under Section 157(b)(2)(F) of Title 28 of the United States Code. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Standards on summary judgment under Rule 56 of the Federal Rules of Civil Procedure are made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(C) provides for a grant of summary judgment as follows:

> . . .
>
> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The ultimate burden of demonstrating the existence of a genuine issue of material fact, however, lies with the nonmoving party. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. *See also, First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" F.R.Civ.Proc. 56(e) (emphasis added).... Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations and footnotes omitted).

■■■ The fact that both parties have filed for summary judgment does not change the standards upon which the Court evaluates the motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991); *see also, Natural Resources Defense Council, Inc. v. Vygen Corp.*, 803 F.Supp. 97 (N.D.Ohio 1992). That both parties have filed motions for summary judgment does not mean that there is no factual dispute, because each motion asserts its own legal theories and facts in support of those theories. *Begnaud v. White*, 170 F.2d 323 (6th Cir. 1948); James W. Moore, et al., 6 **Moore's Federal Practice** ¶ 56.13 (2d ed.1992). The Court will, therefore, consider each motion and its proof accordingly.

Square D asserts that $212,886.40 of the subject transfers for work performed at the Ford facility are excepted from avoidance under 11 U.S.C. § 547 because they are protected by a trust arising under the Michigan Building Contract Fund Act (Trust Fund Act). That Act provides in pertinent part:

> In the building construction industry, the building contract fund paid by any person to a contractor or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of

all funds so paid to him for building construction purposes.

Mich.Stat.Ann. § 26.331 *et. seq.* ·

Square D claims that, pursuant to the Trust Fund Act, these transfers were not transfers of the Debtor's property, but were rather transfers of property held in trust by the Debtor for its benefit. The Trustee, however, argues that even if the $212,886.40 in transfers caused a trust to arise under the Trust Fund Act, he is entitled to recover that amount because the creation of a trust within the preference period is, in and of itself, a preferential transfer subject to avoidance under 11 U.S.C. § 547(b). Accordingly, the Trustee has moved for partial summary judgment to recover the $212,886.40. Square D has also moved for summary judgment on the grounds that it shipped additional product to the Debtor in the amount of $195,-174.20 after the last alleged preferential transfer was made and is thus entitled to the "new value defense" available under 11 U.S.C. § 547(c)(4).[1] Square D therefore claims that this unpaid amount should be credited against the $357,737.73 sought by the Trustee in his Complaint.[2] The Trustee did not present any evidence in opposition to Square D's assertion of a new value defense except that he "reserves all of [his] rights with respect to such matters." *See, Trustee's Brief in Opposition to Defendant's Motion for Summary Judgment*, p. 14.

■■■ The Trustee asserts that 11 U.S.C. § 547 creates broad avoidance powers which can reach to the creation of a trust during the ninety day preference period. The Trustee cites to cases in which courts have held that the creation of a trust during the preference period may be avoidable under § 547. *See, e.g., Alithochrome Corp. v. East Coast Finishing Sales Corp. (In re Alitho-*

---

1. 11 U.S.C. § 547(c)(4) provides that a trustee may not avoid under 11 U.S.C. § 547(b) a transfer—
    > (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
    > (A) not secured by an otherwise unavoidable security interest
    > (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor

11 U.S.C. § 547(c)(4).

2. If the Court determines that the $212,886.40 in payments received by Square D for the work performed at the Ford facility are not preferential and the $195,174.20 in unpaid invoices are entitled to credit as subsequent new value, the remaining amount sought by the Trustee in his Complaint, $144,851.33 ($357,737.73 − $212,-886.40), will be fully offset by the subsequent new value.

*chrome Corp.),* 53 B.R. 906 (Bankr.S.D.N.Y. 1985); *Torres v. Eastlick (In re North American Coin & Currency Ltd.),* 767 F.2d 1573, 1576 n. 2 (9th Cir.1985), *amended by,* 774 F.2d 1390 (9th Cir.1985) (stating that "a promise to create a trust for the benefit of certain creditors would probably be treated as a voidable preference under the Bankruptcy Code.").[3]

These cases, however, are distinguishable upon the facts. In each of the cases cited by the Trustee, the trusts were either created from the debtor's property or the court found that no trust had been created. Here, the trust was created pursuant to the Trust Fund Act from funds paid from Ford to the Debtor. The trust arising in this case did not arise out of the Debtor's funds. The Debtor, pursuant to the Trust Fund Act, merely held the funds as trustee for the beneficiary, Square D.

■ Furthermore, none of the cases cited by the Trustee have held that the creation of a trust during the preference period is avoidable when that trust was created under the Trust Fund Act.[4] It is clear that property interests in bankruptcy proceedings are to be determined in accordance with state law. *Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). It is also clear that the Trust Fund Act was enacted in Michigan to protect owners and subcontractors from fraud in the construction industry and to create a private civil action in favor of the beneficiaries of the statutory trust.

■ The Sixth Circuit Court of Appeals has previously addressed the issue of whether prepetition payments made by a debtor contractor to a subcontractor within the ninety day preference period under the Trust Fund Act are avoidable as preferential transfers. *See, Selby v. Ford Motor Company,* 590 F.2d 642 (6th Cir.1979). The court in *Selby* held that the debtor contractor did not have a sufficient beneficial interest in the funds under the Trust Fund Act to render those funds property of the debtor contractor's bankruptcy estate. The Court found that statutory trust funds, such as the one imposed in this case through the Trust Fund Act, are not the property of the debtor and are not subject to 11 U.S.C. § 547. *Id.* at 649. Accordingly, the Sixth Circuit found:

> [T]he beneficial interests of subcontractors and materialmen in a building fund should not be regarded as the property of the bankruptcy debtor, at least so long as the beneficial interests are traceable. In the instant case tracing creates no problem. The funds subject to the statutory trust were paid to the subcontractor as trust beneficiaries prior to bankruptcy. *Id.*[5]

The potential avoidance of trusts created under the Trust Fund Act has recently been addressed by the United States District Court for the Eastern District of Michigan in *Underground Storage Tank Technical Services Group, Inc. v. King & Co. (In re Underground Storage Tank Technical Services*

**3.** In the *Alithochrome* case, a Chapter 11 debtor filed an adversary proceeding to avoid an alleged preferential transfer. The central issue was whether an interest in a press transferred to a creditor was actually property of the debtor. The court denied cross-motions for summary judgment holding that there was a genuine issue of material fact as to whether a trust was created. The court stated that "[i]f a trust were created during the preference period by delivery of the proceeds into escrow, the creation of the trust itself would be a transfer probably avoidable by [the debtor]." *In re Alithochrome,* 53 B.R. at 911–12.

**4.** The Trustee cited an unreported decision entitled *In re Danash Associates, Inc.,* No. 84CV–7225–AA (E.D.Mich.1985), to support his argument that the creation of a trust during the ninety day preference period is an avoidable transfer. However, the facts in that case are also

distinguishable from the case at bar. The transfers at issue in *Danash* occurred postpetition rather than prepetition. Further, the *Danash* court made clear that its opinion was not inconsistent with the Sixth Circuit's decision in *Selby v. Ford Motor Company,* 590 F.2d 642 (6th Cir. 1979), which held that funds impressed with a trust under the Trust Fund Act are not property of the trustee and are not avoidable.

**5.** The Sixth Circuit later addressed the effect of the Trust Fund Act in *Huizinga v. United States,* 68 F.3d 139, 145 (6th Cir.1995) (citations omitted), by stating that "[t]he effect of the statute is to prevent the funds from becoming the property of the building contractor by creating a trust to hold the funds and by making the contractor the trustee. As a result, the funds held by a contractor in trust pursuant to the Act are not property of the contractor and cannot be brought into a bankruptcy estate."

*Group, Inc.),* 96 CV–72773 (E.D.Mich.1998). In that case, the District Court affirmed the decision of the bankruptcy court which held that prepetition payments to a subcontractor by a construction owner were transfers of trust property and were thus not preferential, even though the transfers were made within the ninety day preferential period. The District Court reasoned that:

> [T]he disputed funds in this case were transferred directly from the owner to the subcontractor during the ninety day preference period, and following the court's analysis in *Selby,* these funds were never the "property of the debtor" subject to avoidance pursuant to 11 U.S.C. § 547(b).

*In re Underground Storage Tank Technical Services Group, Inc.,* at p. 6–7. The District Court interpreted the Sixth Circuit's decision in *Selby* to mean that:

> [P]re-petition funds subject to the Michigan Builders Trust Fund Act [are] impressed with a statutory trust, and therefore not property of the general contractor subject to avoidance even when they were in the hands of the bankrupt general contractor when the preference period began.

*Id.* at p. 5.

The facts in the instant case are even more similar to those encountered by the Sixth Circuit in *Selby* than those found in the *Underground Storage Tank* case in that the funds at issue in this case were transferred from the Debtor, a contractor, to Square D which served as a subcontractor on the project. Accordingly, based upon the Sixth Circuit's decision in *Selby,* the Court finds that the Trust Fund Act applies to the transfers at issue thereby preventing the funds from becoming property of the Debtor's bankruptcy estate. Thus, the Trustee is unable to recover the $212,886.40 as preferential transfers under 11 U.S.C. § 547(b).

### The Applicability of 11 U.S.C. § 547(c)(4)

Square D also asserts that the $357,737.73 sought by the Trustee in his Complaint should be reduced by the new value which it extended to the Debtor in the amount of $195,174.20 pursuant to 11 U.S.C. § 547(c)(4). Under 11 U.S.C. § 547(c)(4),

"[p]referential transfers as defined in § 547(b) may not be avoided by the trustee if *after* such transfer, such creditor gave new value." *See, Waldschmidt v. Ranier (In re Fulghum Const. Corp.),* 706 F.2d 171, 172 (6th Cir.1983) (emphasis in original). Thus, the plain meaning of § 547(c)(4) is that "the subsequent new value defense applies only where the new value received has not been paid for, or the payment for the new value is itself avoidable." *Hunter v. Amerisource Corp. (In re Parkview Hospital),* 213 B.R. 509, 513 (Bankr.N.D.Ohio 1997).

Square D claims that it was never paid for additional product that was shipped to the Debtor in the amount of $195,174.20 after the last alleged preferential payment was made. Square D has supported this assertion with an Affidavit signed by Michael Wisniewski, the Manager of Collections for Square D, along with copies of the relevant invoices. *See, Affidavit of Michael Wisniewski* at ¶ 14. The Trustee has not presented any evidence to dispute the amount of these invoices or the quality of product which was shipped to the Debtor. Rather, the Trustee, in his reply brief, states that although there is no indication that Square D's assertion of this defense is not valid, he "does not concede any position with respect to the application of such subsequent new value to any particular transfer alleged to be preferential [and] reserves all its rights with respect to such matters." *See, Trustee's Brief in Opposition to Defendant's Motion for Summary Judgment,* at p. 14.

As mentioned earlier, standards on summary judgment are made applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the ultimate burden of demonstrating the existence of a genuine issue of material fact lies with the non-moving party. *Id.* at 324, 106 S.Ct. 2548. Moreover, when the moving party has carried its burden, "the non-moving

party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations and footnotes omitted).[6]

The affidavit and corresponding invoices support Square D's claim of unpaid new value in the amount of $195;174.20 which was provided to the Debtor after the last alleged preferential payment was made. The Trustee has provided no evidence disputing these facts but merely reserves his right to assert a defense to such a claim in the future. This is insufficient to demonstrate a genuine issue for trial. In fact, the Trustee, in his reply brief, appears to agree that Square D's claim for new value is valid. "The Trustee has no information suggesting that Squares (sic) D's assertion of a 'subsequent new value' defense under § 547(c)(4) to the extent of $195,174.20 is not valid." *See, Trustee's Brief in Opposition to Defendant's Motion for Summary Judgment,* at p. 14.

Viewing the evidence before it in the light most favorable to the Trustee and noting that the Trustee has failed to present evidence in opposition to Square D's new value defense, the Court finds there are no genuine issues of material fact. Square D's motion for summary judgment will be GRANTED.

---

6. Rule 7056(e) of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

    When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. Fed.R.Bank.P. 7056(e).