In re George William SONDERGELD,
III, Debtor.

Frank Panetta, Plaintiff,

v.

George William Sondergeld,
III, Defendant.

Bankruptcy No. 04–32749.
Adversary No. 04–3117.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

July 19, 2005.

George J. Stauch, Jr., Lapeer, MI, for debtor.

## OPINION DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

WALTER SHAPERO, Bankruptcy Judge.

### I. *Facts*

Before the Court are the cross motions motion for summary judgment in this Section 523(a)(6) action. Defendant filed this Chapter 7 bankruptcy case on June 30, 2004, and Plaintiff commenced this adver-

sary proceeding on July 27, 2004. The Court took the matter under advisement after the July 6, 2005, hearing on the motions.

The underlying debt arises out of an injury sustained by Plaintiff arising out of Defendant's operation of a snowmobile in Lapeer County in December 2000. Plaintiff argues that he is entitled to summary judgment on collateral estoppel grounds based upon a state court criminal judgment against the Defendant Debtor entered on July 17, 2001. In that criminal action, Defendant pled guilty to the offense of fleeing and eluding a police officer in the third degree pursuant to M.C.L.A. § 750.479a(3). Plaintiff had thereafter filed a civil action against Defendant in state court in September 2001, and after conclusion of the jury trial in the civil action, a jury verdict in Plaintiff's favor was rendered in February 2004, and damages awarded against Defendant in favor of Plaintiff. Plaintiff does not raise the civil action in support of his motion for summary judgment, affirmatively conceding that the civil case was brought on "general negligence theories for which intent and malice are not elements." (Plaintiff's Brief, at Page 6).

Defendant argues that collateral estoppel does not warrant summary judgment in Plaintiff's favor in that the criminal judgment does not support a Section 523(a)(6) nondischargeability determination, and further argues that the civil action actually supports summary judgment in his favor because the civil judgment for Plaintiff based upon the jury's finding of Defendant's negligence collaterally estops Plaintiff from now relitigating the Section 523(a)(6) action here.

## II. *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Bankruptcy Rule 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmoving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley–Meggs Industries, Inc.*, 764 F.Supp. 1223, 1227 (E.D.Mich.1991). In other words, summary judgment may be appropriately granted where the issues in a particular case involve solely the application of law to undisputed facts. *Choate v. Landis Tool Co.*, 486 F.Supp. 774 (E.D.Mich.1980).

The summary judgment standard to be applied in this case is compounded because the parties have filed cross-motions for summary judgment, urging this Court to decide the case on stipulated facts. Even though cross-motions may warrant summary judgment in some cases, "[t]he fact that both parties make motions for summary judgment ... does not require the Court to rule that no fact issue exists." *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 592 (6th Cir.2001) (quoting *Begnaud v. White*, 170 F.2d 323, 327 (6th Cir.1948)).

In an earlier case, *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 241 (6th Cir.1991), the Sixth Circuit reversed an

order granting summary judgment on cross-motions for summary judgment and a "stipulated" fact record. The *Taft Broadcasting* Court held that cross-motions for summary judgment require that a court independently assess each motion "on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft*, 929 F.2d at 248.

### III. *Section 523(a)(6)*

The standard Section 523(a)(6) states:

(a) a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

■ The United States Supreme Court has in recent years defined the exception to discharge found in § 523(a)(6) in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The *Geiger* Court examined the words and order of the words in this subsection and determined that the word "willful" modifies "injury," and "willful" does not modify, nor was intended by Congress to modify, acts that cause injury. *Id.* at 997. Specifically, the Supreme Court reasoned:

The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "wilful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury."

*Id.*

■ The *Geiger* Court likened the act contemplated in § 523(a)(6) to that of intentional torts, as compared to torts for recklessness or negligence. Citing the Restatement (Second) of Torts § 8A, cmt. a (1964), the Supreme Court defined intentional torts to "generally require that the actor intend 'the *consequences* of the act,' not simply 'the act itself.'" *Id.* The *Geiger* Court noted that "[n]egligent or reckless acts ... do not suffice to establish that a resulting injury is 'willful and malicious.'" *Id.* at 978 (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934)). In addition, the action must have been "malicious," or "in conscious disregard of one's duties or without just cause or excuse," and "does not require ill-will or specific intent." *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986).

■ The Sixth Circuit has subsequently examined the "willful" component of Section 523(a)(6) in light of the *Geiger* decision. In the case of *Markowitz v. Campbell (In re Markowitz),* 190 F.3d 455, 461 (6th Cir.1999), the Sixth Circuit Court of Appeals held that in order to find an injury "willful" under Section 523(a)(6), either of the following must be found: (1) the actor desired to cause the consequences of the act; or (2) the actor believed that the consequences of his act were substantially certain to result from the act. *Markowitz,* 190 F.3d at 464.

### IV. *Application of Collateral Estoppel (i.e., Issue Preclusion)*

■ Collateral estoppel applies in bankruptcy dischargeability actions. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The *Grogan* Court also determined that a preponderance of the evidence standard must be used for collateral estoppel determinations in dischargeability proceedings. *Grogan,* 498 U.S. at 286, 111 S.Ct. 654. For collateral estoppel to apply, Michigan requires

that the parties must be the same, the prior proceeding must have culminated in a valid, final judgment, and the issue must have been actually litigated and necessarily determined. *See People v. Gates,* 434 Mich. 146, 154, 452 N.W.2d 627 (1990). "A finding in a prior criminal proceeding may estop an individual from relitigating the same issue in a subsequent civil action." *Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir.2002) (citing *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568–69, 71 S.Ct. 408, 95 L.Ed. 534 (1951)).

## V. *Analysis*

The Court concludes that neither party has met its burden of proving that no genuine issue as to any material fact exists. Plaintiff relies upon the criminal judgment in support of his collateral estoppel/summary judgment motion, conceding that the later civil jury verdict was not predicated upon the required Section 523(a)(6). Plaintiff also argues that even if collateral estoppel is not a bar, application of the undisputed facts of this case to applicable law warrant a finding of nondischargeability under Section 523(a)(6). In support of his motion, Plaintiff attaches the Metamora Township police reports, the Lapeer County arrest warrant for Defendant, a copy of the transcript of the preliminary exam in the criminal action, a copy of the Information/Felony form filed in Lapeer County District Court, a copy of the transcript of Defendant's guilty plea in the criminal action, and a copy of the judgment of sentence in the criminal action. Defendant, disputing Plaintiff's assertion that the criminal action serves as a basis for a Section 523(a)(6) action, relies upon the civil jury verdict in support of his summary judgment motion, arguing the civil action jury verdict was based on the requisite Section 523(a)(6) elements. Defendant attaches to his motion the summons and complaint in the civil action, the

transcripts of the jury charge and verdict in the civil action. Based upon a review of the state court criminal and civil records, the Court is unable to draw any reasonable inferences to make a Section 523(a)(6) determination either way.

## A. *Plaintiff's Motion for Summary Judgment*

### 1. *Criminal Action/Collateral Estoppel*

■ The criminal judgment was the result of Defendant's plea to the charge of fleeing and eluding a police officer in the third degree pursuant to M.C.L.A. § 750.479a(3), which, if resulting in a collision or accident (which is admitted was the case here) is defined as amounting to the following action:

> **Sec. 479a. (1) A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the vehicle, extinguishing the lights of the vehicle, or otherwise attempting to flee or elude the police or conservation officer. This subsection does not apply unless the police or conservation officer giving the signal is in uniform and the officer's vehicle is identified as an official police or department of natural resources vehicle.**

The criminal record submitted by Plaintiff, which includes the warrant, a transcript of the preliminary examination and the plea hearing. Most importantly, the finding made by the state court in the criminal proceeding memorialized in its judgment simply recited the referred to criminal statute, which at most character-

izes Defendant's conduct as a "willful fail[ure] to obey" the direction of the officer involved. Based upon the judgment in the criminal action, there is no indication that Defendant intended to injure Plaintiff or was substantially certain Plaintiff's injuries would result from his actions. Thus, for collateral estoppel purposes, the Court concludes that the Section 523(a)(6) elements were not actually litigated.

### 2. Independent Assessment of Undisputed Facts

█ Plaintiff also argues that, regardless of the criminal action and whatever collateral estoppel effect it may have, the undisputed facts of this case, as applied to the Section 523(a)(6) standard, warrant judgment in Plaintiff's favor. Plaintiff cites *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298 (6th Cir. BAP 2004), among others, in support of his position in this regard. In the *Trantham* case, the Bankruptcy Appellate Panel for the Sixth Circuit held that a pre-petition patent infringement judgment against a debtor arising from debtor's unlicensed use of the patent holder's products, was the result of a gain sought by debtor-a result which could only come at the patent holder's expense, thus satisfying the "willful" requirement of Section 523(a)(6).

Many of the cases Plaintiff cites in support of his position in this regard are either pre-*Geiger*, and/or involve facts that are distinguishable. Regardless, applying the above-described Section 523(a)(6) standard to the state court criminal record and undisputed facts of this case, this Court cannot conclude that there exists no genuine issues of material fact as to the essential elements of this adversary action. Based upon a review of the state court criminal record, what is clear to the Court is that: (1) Defendant willfully failed to obey the direction of a police officer and drove a snowmobile negligently, causing injury to Plaintiff; (2) Defendant was arrested on two counts-fleeing and eluding a police officer, as described above, and assault with intent to do great bodily harm less than the crime of murder-and Defendant was found guilty by way of plea as to the former charge only; and (3) a judgment was then entered against Defendant on July 17, 2001, for the crime of fleeing and eluding, with a sentence of 180 days, and restitution to be paid in the amount of $3,739.96. The transcript of the plea hearing further supports the existence, rather than the absence, of factual issues. In describing the collision, Defendant testified at the plea hearing on May 29, 2001, that:

> [Defendant] went to go around the police car and Mr. Panetta was in the police car and when he saw I was going to attempt to go around him instead of stopping, he got out of the police car and tried to dislodge me from the snowmobile or knock me off by the weight of his body or something.

This testimony indicates that while Defendant may have willfully (and unlawfully) disobeyed the direction of, and fled, a police officer, he was attempting to "go around" Plaintiff and in doing so, Plaintiff got out of the police car and then the collision occurred. Thus, what is not clear to the Court based upon the undisputed factual record before it is that Defendant either desired to cause the resulting injuries to Plaintiff, or that Defendant believed the consequences of his act, i.e., Plaintiff's injuries, were substantially certain to result from the act.

### B. Defendant's Motion for Summary Judgment: Civil Action/Collateral Estoppel

█ As to the civil action, the only count even remotely sounding in a Section 523(a)(6) nondischargeability claim is

Count I of the state court civil action, which seeks relief for Defendant's "grossly negligent, willful and wanton, negligent, unlawful, careless and reckless" operation of the snowmobile. The other two counts are negligence (Count II) and negligent entrustment (Count III) counts, which clearly do not offer a cognizable basis under Section 523(a)(6). It appears, however, that only the negligence count was actually litigated and necessarily determined by the jury in the civil action in any event. A copy of the written civil judgment has not been submitted to the Court, but a transcript of the jury verdict in the civil action was. The excerpt of the jury verdict addressed the negligence of Defendant only; specifically, the jury found Defendant negligent, and that his negligence was a proximate cause of Plaintiff's injuries. Thus, for collateral estoppel purposes in the civil action, while the parties may have been the same in both that and this action, the Section 523(a)(6) elements were not actually litigated and necessarily determined.

## VI. *Conclusion*

For the foregoing reasons, the Court finds: (1) collateral estoppel, based upon either the criminal or civil actions, does not bar relitigation of the Section 523(a)(6) action here; and (2) neither Plaintiff nor Defendant have met their burden in establishing the absence of genuine issues of material fact. Therefore, both motions for summary judgment are denied, and this case will proceed to trial accordingly.

An appropriate order will enter.